## D. T. Iglehart et al. v. P. J. Willis & Bro. et al.

(Case No. 1495.)

1. DEBTOR AND CREDITOR.— A creditor of an insolvent debtor, who, being in full possession of all the facts connected with a former transfer of the debtor's goods to secure a preferred creditor, takes a deed of trust upon the goods which may remain after, from their sale, the trustee of the preferred creditor has discharged his trust by paying the preferred debt, is not entitled, in a contest between creditors involving the distribution of the funds, to priority of payment over the preferred creditor.

2. FRAUDULENT CONVEYANCE.— The mere fact that a creditor of an insolvent, procures by a trust deed from him, a preference over other creditors equally meritorious, and that the transfer effected by such deed has the effect of hindering or delaying other creditors in the collection of their just debts, and that it was so intended by the debtor, will not of itself, if the transaction is in truth *bona fide* on the part of the preferred creditor, necessarily vitiate the transfer.

APPEAL from De Witt. Tried below before the Hon. H. Clay Pleasants.

Appellants were in possession of a stock of goods, wares and merchandise conveyed in trust to Iglehart by an insolvent debtor (John Owens), to be sold to pay the debt due to appellants, amounting to about $4,500. Appellees, other creditors of Owens, sued out an attachment against him and procured its levy on the stock of goods in appellants' possession.

Appellants claimed the property attached under "trial of right of property." This was the suit under the issues joined, and the case was tried by the court and judgment rendered against appellants as claimants. An intervention was allowed to one Wallace on an independent claim, and judgment was rendered likewise in his favor against appellants. No assignments of error were filed raising the question of the right to intervene.

The evidence showed that the debtor, Owens, was largely indebted to Adoue & Lobit (appellants and claimants), about $4,500; that he had a stock of goods situate in the town of Cuero, which, if prudently sold, might realize as much, or possibly a little more, than the debt due to appellants, after deducting expenses of sale. Owens was insolvent and unable to pay his debts as they matured. This was about February 10, 1879, and on that day Owens executed and delivered to Iglehart, the representative of Adoue & Lobit, a conveyance of his stock of goods, and such as were in transit to arrive. Iglehart took possession of the stock at once and recorded the instrument of writing under which he was to act. By the terms of the conveyance Iglehart was authorized to sell the property conveyed,

under the direction of Adoue & Lobit, for their benefit and ac-
count; and Adoue & Lobit were authorized to appoint any other
person to act as trustee, if they should see fit. A regular account
was to be kept of the sales and proceedings by the trustee; and
the debtor, Owens, was to be allowed full advice as to what
was being done from time to time, if he wished. The proceeds of
sale, after deducting all expenses of the trust, were to be paid to
Adoue & Lobit on their debt, and if more than sufficient, the bal-
ance to belong to Owens or his assigns. Authority was given to the
trustee to take a reasonable time to execute the trust, and it was
stipulated that if any goods should be subsequently added to the
stock by Adoue & Lobit in order to make sales of the depleted
stock, that such might be paid for out of sales made.

Afterwards, on the 18th day of February, 1879, Owens made a
transfer of any balance that might remain of the stock or proceeds
thereof, after paying Adoue & Lobit, to John Wallace, through a
trustee named, who was to take possession after Iglehart had exe-
cuted his trust as aforesaid, and sell the remaining stock for a debt
due to Wallace of about $1,100. This conveyance was in writing
and was at once recorded.

Iglehart had proceeded without delay to sell and act under the
conveyance to him, and in about ten days, on the 21st of February,
the entire property then on hand was seized under the writ of at-
tachment at the suit of P. J. Willis & Bro. v. John Owens, for about
$3,900.02, and was subsequently claimed by Iglehart and Adoue &
Lobit.

The evidence was voluminous, but shows that Iglehart, for Adoue
& Lobit, had secured the debt of Adoue & Lobit by the conveyance
referred to, and had acted in accordance with its terms up to the
date of the attachment.

The court, a jury being waived, found and adjudged that the
deed of trust from Owens to Iglehart was made to hinder, delay
and defraud creditors, and was void; that the deed to the trustee for
Wallace was not made for such purpose, and was therefore valid;
that the value of the property levied on by plaintiffs' attachment
was $4,076.35, and the amount of Willis & Bro.'s judgment, ren-
dered September 5, 1879, against Owens was $3,891.67; and adjudged
that Willis & Bro. recover $4,465.51, being the value of the property
and ten per cent. damages, less $1,346, which was found to be
the amount of Wallace's debt, thus making this debt a preferred
claim, to be first paid out of the goods. Willis & Bro. sought to
have the judgment reformed, insisting that under art. 4843, R. S.,

·they were entitled to judgment for the full amount of their debt; ·but this application was denied, and claimants having appealed, Willis & Bro. filed cross-errors as against Wallace, asking to reform the judgment so as to secure the full amount of their debt, though they executed no bond.

*McLemore & Campbell*, for appellants.

I. The court erred in rendering judgment against the claimants (appellants), and in holding that the property levied on was subject to the writ. Wright *v.* Linn, 16 Tex., 42; Baldwin *v.* Peet, 22 Tex., 716, 717; Howerton *v.* Holt, 23 Tex., 59; Leitch *v.* Hollister, 4 Comstock, 211; Shirras *v.* Caig, 7 Cranch, 34; Burrill on Assignments, 326–336.

II. An insolvent debtor could transfer his property in February, .1879, to secure or satisfy any one creditor; and a conveyance of property, accompanied by possession with power to sell, in order to satisfy a debt, was lawful. Baldwin *v.* Peet, 22 Tex., 716, 717; Howerton *v.* Holt, 23 Tex., 58 and 59; Shirras *v.* Caig, 7 Cranch, 34.

III. The issues in the suit between P. J. Willis & Bro. and Iglehart and Adoue & Lobit arose out of the statutory proceedings under trial of the right of property; and the intervenor, Wallace, was not a party to the proceedings, and was not entitled to claim any judgment in that suit as against any of the parties to it.

*A. B. Peticolas*, for appellees.

I. The question of fraud in this trust not having been decided by the court as a question of law upon the inspection of the deed, but being a verdict upon all the facts in evidence, the judgment is entitled to the same consideration as the verdict of a jury finding it, and will not be disturbed if there is any evidence to support it. 54 Tex., 335; 13 Tex., 118.

II. An assignment by an insolvent debtor of all his property in trust to pay certain specified creditors, providing also that the trustee shall keep up the stock for six months out of proceeds of sales made by him in the course of his business of carrying out the trust, and then, without making provision for other creditors, in trust to reconvey the residue to the debtor, is, as to creditors not provided for in the trust deed, fraudulent and void, and it cannot be made good by showing that there will be no surplus after paying the creditors provided for. 2 Comst. (N. Y.), 365; Wright *v.* Linn, 16 Tex., 35; 18 Tex., 336; 17 Vt., 300; Barneyrs *v.* Griffin, 2 Comst. (N. Y.), 365; 3 Rand. (Va.), 410; Lansing *v.* Woodworth, 1 Sandf. (N. Y.) Ch., 43; 7 Watts (Pa.), 437; 13 Pa., 182; Burrill on Assignments, 235.

III. The court did not err in finding the property subject to Willis & Bro.'s attachment, because it is the settled law of Texas that mortgaged property is liable to execution or attachment against the mortgagor, subject to the lien of the mortgagee; and the proper remedy of the claimants was not to give a bond to try the right of property, but to have intervened in the suit of Willis & Bro. against Owens, and asked to be protected as lien holders by the judgment thereon rendered; and having filed a bond to try the right of property, they and their sureties became liable thereby to pay the debt of appellees. Wooten v. Wheeler, 22 Tex., 338; 27 Tex., 257; Gillian v. Henderson, 12 Tex., 47; 18 Tex., 377.

IV. The deed of trust from Owens to Iglehart upon its face showed that Owens had such an interest in the goods as was subject to execution and sale to pay Willis & Bro.'s debt.

V. The court did not err in rendering judgment against appellants, but only in not rendering it in favor of appellees for the full amount of their debt, in accordance with the conditions of claimants' bond and the law. R. S., 4843.

WEST, ASSOCIATE JUSTICE.— The court erred, under the state of the pleadings and the proof in the case, in giving judgment in favor of the appellee Wallace against the appellants. His claim on the fund sought to be subjected to the payment of the creditors, who are before the court, was not, it appears from the evidence, entitled of itself on its face to any preference over that of the appellants. His transfer or deed of trust upon the goods, that were afterwards attached in the hands of the appellants by the other appellees, recognized on its face the right of appellants to satisfaction before his claim should be paid. He was when his deed was made, fully in possession of all the facts concerning the financial condition and secret transactions of Owens with reference to his creditors. The record shows that Owens was his banker, and that in addition to the notes against Mrs. York and others, secured in the deed of trust in his favor, that were delivered by him to Owens, that he was also at that time a creditor of the insolvent, and that after the date of all these transactions, that Owens paid him this debt that was not secured by the deed of trust.

It is not perceived, under the facts proved in this case, why the court should hold that the appellee Wallace was in a better condition than the appellants, or if he was, that judgment should be rendered in his favor against the appellants, to the partial exclusion of the other appellees. The appellants had executed no bond to

him. Furthermore, the mere fact that the appellants by their deed had obtained a preference over creditors equally meritorious, or that the transfer to them had the effect of hindering or delaying other creditors in the collection of their just debts, and was so intended by Owens, would not of itself, if the transaction was in truth *bona fide* on the part of appellants, necessarily vitiate their transfer. Frazer *v.* Thatcher, 49 Tex., 30. Such a deed may be undoubtedly shown by proof to be fraudulent in fact, however fair it may appear on its face; but the justice of the findings of the court, to the effect that the deed in favor of Wallace was valid and made *bona fide*, and that the deed of trust to appellants was made in fraud of the rights of creditors, cannot be said to be plainly manifest from the evidence.

For the error of the court under the circumstances, in holding that the deed to Wallace had a claim on the goods attached superior to that of the appellants or the other appellees, under the facts presented in the record, the judgment must be reversed.

The right of the appellee Wallace to intervene at all in a statutory proceeding of this character has not been assigned as error or discussed by the appellants, though raised in the court below by both parties, and brought in question here by the other appellees; and on that point it is unnecessary to pass. The other appellees have assigned errors as against their co-appellee Wallace, and have discussed them, but the appellants alone have given bond and brought the case here. On another trial the questions argued by appellees may not arise, and it is therefore not deemed necessary to inquire into them. The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered January 16, 1883.]