### BILL WILLIAMS v. THE STATE.

#### No. 1963.    Decided May 16, 1900.

**Defacing Mark and Brand—Allegation of Ownership.**

The indictment for defacing the mark and brand upon cattle alleged ownership of the cattle in N. W. The proof showed that N. W., the owner, had loaned the animal (a cow) to his brother D. W., living some ten or fifteen miles from N. W., the owner, and that D. W. had the care, custody, and control of the cow. Held, the proof did not sustain the allegation. The indictment should, as in theft, have alleged ownership in N. W., the real owner, with possession in D. W., or should have alleged the ownership alone in D. W., the special owner.

APPEAL from the District Court of Shelby. Tried below before Hon. TOM C. DAVIS.

Appeal from a conviction of defacing a mark and brand upon one head of cattle; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

*D. M. Short & Sons,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of defacing the mark upon cattle of another with intent to defraud the owner. The indictment contains two counts: First, for theft; and, second, as stated, and under which defendant was convicted. The cow is alleged in both counts to be the property of Napoleon Williams. The evidence discloses that Napoleon Williams had loaned the cow to his brother Dan, to be milked by him, and to remain in his possession until about the 1st of January, 1900. Dan Williams took possession of the cow about the 1st of October, 1899, and drove her to his home in the lower part of the county, some ten or fifteen miles from where the real owner lived. About October 15th the cow was stolen, and the evidence indicated that defendant was connected with that taking, and was the party who cut the mark out of one of the ears. Upon this state of facts it is contended the indictment erroneously alleged ownership. We believe this position is correct. The indictment could have either alleged the ownership in the real owner, with possession in Dan Williams, or it could have alleged ownership and possession in Dan Williams. But it alleges the ownership and possession in Napoleon Williams, whereas the proof shows the care, custody,

and control of the animal was in Dan Williams. This is fatal to the conviction. Conner's case, 24 Texas Criminal Appeals, 245, is in point as to ownership. See, also, Emmerson v. State, 33 Texas Crim. Rep., 89. Theft cases and cases under the statute prohibiting the defacing of marks and brands are governed by the same rules, so far as allegations of ownership and possession are concerned. Alford v. State, 31 Texas Crim. Rep., 299. Some criticisms are made of the court's charge. These matters will hardly occur upon another trial, as the judge will doubtless be more careful in framing his charge. The judgment is reversed and the cause remanded.

*Reversed and remanded.*