SAM SPARKS ET AL. v. J. F. PONDER.

Decided March 28, 1906.

**1.—Insolvent Creditor—Fraudulent Transfer.**

Where an insolvent tenant, by consent of his landlord, who owned as rent one-fourth of the crop of cotton, transferred to a creditor the entire crop, receiving one-fourth in cash, which he paid over to the landlord as his rental, the balance going to discharge his debt to the purchaser, which was equal in amount thereto, the transaction could not be held fraudulent as to other creditors of the tenant by reason of the payment to him in cash of the excess over the debt discharged.

**2.—Execution—Levy—Exemplary Damages.**

Evidence considered and held to support a recovery of exemplary damages for seizure and sale of plaintiffs' property under execution against another, where defendant had notice of plaintiffs' claim and opportunity to inform themselves of the facts showing it to be valid.

**3.—Damages—Value—Evidence.**

Evidence as to value, at time of seizure, of cotton sold under execution, considered and held sufficient to support recovery, though addressed to its value before and after that date, where there was nothing to indicate a different value at time of levy.

**4.—Charge—Assuming Facts.**

A requested instruction which assumes as facts matters in controversy under the evidence should be refused.

**5.—Landlord's Lien—Sale by Consent.**

Though the landlord's contract is not for one-fourth of the crop as rent, but for one-fourth of its value in money, his lien therefor, as against an execution creditor of the tenant levying on it, is not lost by its sale by the tenant, by his consent, and payment of his share of the proceeds to him, such sale constituting a waiver of his lien only as to the purchaser.

**6.—Fraudulent Conveyance—Purchase by Creditor.**

Where a creditor purchases from a debtor he knows to be insolvent only property reasonably sufficient in value to satisfy his debt, the transaction is not rendered fraudulent by his knowledge of an intent of the seller to hinder and delay other creditors thereby.

Appeal from the District Court of Bell County. Tried below before Hon. John M. Furman.

*A. M. Monteith, W. E. Monteith, Chesser & Wilcox,* and *Jas. P. Kinnard.*—On first assignment of error: Elser v. Graber, 69 Texas, 222; Armstrong v. Elliott, 20 Texas Civ. App., 46; Gallagher v. Goldfrank, 75 Texas, 562; Ward v. Wofford, 26 S. W. Rep., 321; Edrington v. Rogers, 15 Texas, 196; Brown v. Vaughn, 70 Texas, 49.

On second assignment of error: Clifford v. Lee, 23 S. W. Rep., 843; Bradshaw v. Buchannan, 50 Texas, 494; 1 Southerland on Damage, 745, 746, 747, 748; Ulander v. Oman, 26 S. W. Rep., 1103; Burris v. Booth, 40 S. W. Rep., 186; Hillman v. Baumback, 21 Texas, 205.

On third assignment of error: Richardson v. Jankofsky, 28 S. W. Rep., 815; Oppenheimer v. Halff, 68 Texas, 413; Miller & English v. Jannett, 63 Texas, 82.

On seventh assignment of error: Texas & P. Ry. v. Bayliss, 62 Texas, 575; Rev. Stats., art. 3235.

On eighth assignment of error: Texas & P. Ry. Co. v. Bayliss, 62 Texas, 575; Rev. Stats., art. 3235.

The charge laid upon these defendants an unnecessary and unreasonable burden in that it required them to prove the fraudulent intent upon the part of J. F. Ponder to sustain their defense, while it was only necessary to prove a fraudulent intent or act on the part of G. I. Ponder and knowledge thereof upon the part of J. F. Ponder. Rev. Stats., art. 2544; Mosley v. Gainer, 10 Texas, 397; Miles v. Howeth, 19 Texas, 259; Edrington v. Rogers, 15 Texas, 188; Walcott v. Brander, 10 Texas, 424; Humphries v. Freeman, 22 Texas, 53.

*J. V. Morris, W. K. Makemson,* and *Pendleton, Ferguson & Durrett,* for appellee.—The fact that plaintiff paid G. I. Ponder $191.10 cash for E. M. White's one-fourth interest in the cotton, could in no way affect G. I. Ponder's creditors or invalidate the sale of G. I. Ponder's three-fourth interest in the cotton. Fagan v. Vogt, 80 S. W. Rep., 664; Rentfrow v. Lancaster, 10 Texas Civ. App., 321; Tignor v. Toney, 13 Texas Civ. App., 519; Horsley v. Moss, 5 Texas Civ. App., 344; Freeman on Ex., sec. 116; 8 Am. & Eng. Enc., 325, and note; Ponder v. Rhea, 32 Ark., 435; Brown v. Coats, 56 Ala., 439.

Plaintiff's claim for exemplary damages was sufficiently pleaded; there was ample evidence to raise the issue. San Antonio & A. P. Ry. Co. v. Kniffen, 4 Texas Civ. App., 484; Cabell v. Hamilton-Brown Shoe Co., 81 Texas, 104; Kolb v. Bankhead, 18 Texas, 228; 12 Am. & Eng. Ency. of Law, p. 29; Farwell v. Warren, 51 Ill., 467; Johnson v. Camp, 51 Ill., 219.

It can not be contended that this permission to sell the cotton and place one-fourth of the proceeds in the bank to the credit of the landlord, could be construed into a waiver of the landlord's lien to such an extent, as to make the landlord's interest in the cotton subject to execution of the tenant's creditors. Fagan v. Vogt, 80 S. W. Rep., 664; Rentfrow v. Lancaster, 31 S. W. Rep., 230; Tignor v. Toney, 35 S. W. Rep., 881; Horsley v. Moss, 5 Texas Civ. App., 344; Freeman on Ex., sec. 116; 8 Am. & Eng. Enc., 325, and note; Ponder v. Rhea, 32 Ark., 435; Brown v. Coats, 56 Ala., 439; Fiquet v. Allison (Mich.), 86 Am. Dec., 54; Guest v. Opdyke, 31 N. J. L., 552.

EIDSON, ASSOCIATE JUSTICE.—This suit was brought in the court below by appellee against appellants Sam Sparks, J. H. James, W. W. James, T. W. Cochran and E. E. Sinclair. The appellee alleged, in substance, that on the 26th day of October, 1904, he was the owner and in possession of 16 bales of cotton at Bartlett, Bell County, Texas, weighing 8,504 pounds, worth 10 cents per pound and of the total value of $850.40; and that appellants unlawfully took possession thereof and converted the same to their own use and benefit; that J. H. James and W. W. James had secured a judgment in the County Court of Williamson County, Texas, against G. I. Ponder and others, and had an alias execution issued thereon, which they placed in the hands of appellant, Sam Sparks, sheriff of Bell County, Texas, who levied on said cotton, and that same was sold under said execution at public outcry, and the proceeds applied to the satisfaction of said judgment against G. I. Ponder and others. Appellee further alleged that said levy and sale were maliciously and wantonly made by all of said appellants.

T. W. Cochran and E. E. Sinclair were sureties on an indemnifying bond given by J. H. and W. W. James to Sam Sparks, sheriff, aforesaid. Appellee prayed for actual and exemplary damages.

Appellants, defendants in the court below, pleaded general demurrer, special exceptions and general denial and that the property levied on belonged to G. I. Ponder at the time of the levy, and that said levy was lawfully made; that G. I. Ponder and appellee J. F. Ponder had combined and confederated together to cheat, wrong and injure appellants J. H. and W. W. James, and had caused a false and simulated transfer to be made of the property in controversy, for the purpose of hindering, delaying and defrauding creditors of G. I. Ponder.

The case was tried before a jury who found a verdict in favor of plaintiff in the sum of $764.46, principal, with $19.74 interest, and $250 exemplary damages, and judgment was entered accordingly.

Appellant's first assignment of error contends that the verdict of the

jury and the judgment of the court below are not supported by and are contrary to the evidence in that the uncontroverted evidence shows that G. I. Ponder, at the time of the sale of the cotton to appellee, was insolvent and so known to be by appellee and that the sale was made by G. I. Ponder for the purpose of defrauding his creditors, and that more cotton was sold to appellee than was of value reasonably sufficient to pay appellee's debt, and that the excess amounted to $191.10, which was paid by appellee to G. I. Ponder, which the latter retained for four days when he deposited same in the bank to the credit of E. M. White, the party from whom he rented the land upon which he raised the cotton sold. Appellants' contention under this assignment being that the payment of such excess in value of the property sold under the circumstances, as a matter of law, rendered the sale fraudulent as to the creditors of G. I. Ponder. The testimony tends to show that the land upon which the cotton was raised was rented by G. I. Ponder from E. M. White, and that said White was to receive from the said Ponder for the use of the land, one-third of the corn and one-fourth of the cotton raised thereon, and that the said White had permitted the said Ponder to sell his, the said White's, one-fourth of the cotton and place the amount received therefor to his credit in the bank at Bartlett; that when the sale of the 16 bales of cotton in controversy was made by G. I. Ponder to J. F. Ponder, it was known by the latter that White owned a one-fourth interest in the same, and that G. I. Ponder was authorized to sell the interest of the said White, and that the sum of $191.10, the amount of cash paid by J. F. Ponder to G. I. Ponder was paid for the one-fourth interest in the cotton owned by White. In view of this testimony, the payment to G. I. Ponder by appellee of the excess over the value of the interest the former had in the cotton would not make the transaction fraudulent, as matter of law. The testimony referred to tends to show that G. I. Ponder owned only a three-fourths interest in the cotton sold, and that the other one-fourth was owned by White, and consequently, not subject to the former's debts. In our opinion the verdict of the jury and judgment of the court is supported by the evidence.

Appellants' second assignment of error contends that the verdict and judgment for exemplary damages are not supported by the evidence. While the testimony in support of exemplary damages is rather meager, we are not prepared to say that it is insufficient. The testimony shows that appellants or their attorneys knew, before the levy of their execution, of the sale of the cotton by G. I. Ponder to appellee; and one of their attorneys in effect advised them that the sale was valid, and the property not subject to their execution. This attorney was informed that the consideration for the sale was an indebtedness of G. I. Ponder to J. F. Ponder, and an amount in cash. While it does not appear from the testimony that appellants, or their attorneys, were informed as to the purpose of the cash payment, or as to what part of the cotton it was the consideration for, it reasonably appears from the testimony that appellants or their attorneys knew that the cotton was raised on the land of E. M. White and that White had an interest in same, and that it was claimed by both G. I. and J. F. Ponder that the cash payment of $191.10, paid the former, was for the interest of White in the cotton.

Appellants, after making several ineffectual efforts, finally on the 5th of November, 1904, succeeded in making what they regarded as a legal levy on the property in question. During the interval of 15 or 16 days between October 20, the date of appellee's purchase of the cotton, and November 5, when the levy that appellants regarded as valid was made, the cotton remained in the cotton yard at Bartlett, and was claimed by appellee as his property, and appellee during this time resided at Bartlett, and G. I. Ponder resided on the farm, about eight miles therefrom, and appellants had ample time and opportunity to become informed fully as to the exact terms, character and nature of the transaction between G. I. Ponder and appellee, which culminated in the sale of the cotton to the latter; and if they did not obtain such information it was on account of their gross negligence. We think that the evidence tends to show that the levy was made under circumstances showing a conscious disregard of the rights of appellee; and therefore the jury was warranted in returning a verdict for exemplary damages. (Erie Telegraph & T. Co. v. Kennedy, 80 Texas, 71; Missouri Pacific Ry. Co. v. Shuford, 72 Texas, 170; Zeliff v. Jennings, 61 Texas, 468.)

Appellants' third assignment of error complains of the verdict of the jury and judgment of the court upon the ground that the same are not supported by the evidence, but are contrary thereto, in that no one testified that he was acquainted with and knew the market value of the cotton in controversy at any time; and no witness testified as to what was the value of the cotton levied on at the time when same was levied on by any writ of J. H. James and W. W. James. While it is true that there is no specific or affirmative testimony as to the market value of the cotton at the precise date of the levy, the 5th of November, 1904, there is testimony tending to show such value on the 20th of October, when it was purchased by appellee, and on the 16th of November, 1904, when it was sold under said levy, from which the jury were warranted in finding its market value on the date of the levy to be the amount found by their verdict, especially in the absence of any testimony showing it to be less at that date.

Appellants' sixth assignment of error is overruled. As already stated, there was evidence supporting the allegations of appellee's petition.

Appellants' seventh assignment of error complains of the refusal of the court below to give to the jury their special instruction No. 2, which is as follows: "You are charged that in this case the landlord, E. M. White, rented to the tenant, G. I. Ponder, certain land to be planted in cotton in the year 1904, and G. I. Ponder was to pay one-fourth of the value of the proceeds of the said cotton as rent, then E. M. White and G. I. Ponder were not tenants in common, or joint owners of said cotton, but G. I. Ponder was the owner of said cotton and E. M. White was only entitled to a landlord's lien on said cotton to secure payment of his rents, and the said E. M. White did not own an undivided one-fourth interest in the said cotton, and the relation of bailor and bailee did not exist."

This instruction assumes that the contract between G. I. Ponder and E. M. White, his landlord, was that the former was to pay to the latter one-fourth of the value of the proceeds of the cotton raised on the land rented as rents; whereas, there is testimony tending to show that the

cotton crop was to be raised on shares, and that White was to receive one-fourth thereof and was at the time of the sale, the owner of said one-fourth. On this account said special charge was properly refused.

The court below did not err in refusing to give to the jury appellants' special charge No. 3, which action is complained of in their eighth assignment of error, because same does not embody a correct principle of law. If it be true that G. I. Ponder's contract with the landlord White was to pay as rent one-fourth of the proceeds of the sale of the cotton raised on the rented land, and that G. I. Ponder was authorized to sell the cotton in the open market, and he did so sell same to appellee, and by such sale White lost his landlord's lien upon the cotton, these facts did not make the cotton subject to execution in favor of G. I. Ponder's creditors unincumbered by the landlord's lien up to the time of the sale. In other words, the lien was not waived until the sale was made, and when made, the lien was only waived in favor of the purchaser so that he obtained a good title to the interest of the landlord in the cotton. This being true, the creditors of G. I. Ponder would have no right or interest therein; and the payment by the purchaser to the renter of the value of the landlord's interest would not make the sale fraudulent as to creditors. The general charge of the court properly presented to the jury the law applicable to the phase of the case raised by the evidence tending to show a contract by G. I. Ponder to pay one-fourth of the cotton raised as rent, and authority by the landlord to the said Ponder to sell said cotton in the market. In our opinion, there was testimony tending to show the rental contract to be for raising crops on shares, the landlord to receive one-third of the corn and one-fourth of the cotton raised on the rented land, thereby creating a tenancy in common between the parties as to the crops raised, White having a one-fourth interest therein and Ponder a three-fourths interest; and the evidence also tends to show that White gave G. I. Ponder the authority to sell his interest in the crop. Under this view of the evidence, the payment by J. F. Ponder to G. I. Ponder in the purchase of the cotton in controversy of cash for the interest of White in the cotton, did not render the sale fraudulent. (Fagan v. Vogt, 80 S. W. Rep., 664; Rentfrow v. Lancaster, 10 Texas Civ. App., 324; Tignor v. Toney, 13 Texas Civ. App., 519; Horsley v. Moss, 5 Texas Civ. App., 344.)

Appellants' ninth, tenth and eleventh assignments of error complain of the action of the court below in refusing to give to the jury their special charges Nos. 4, 5 and 6. There was no error in the action of the court below complained of in these assignments, because the sale made under the circumstances stated in these special charges would not necessarily be fraudulent, and because said charges ignore the claim of appellee that White owned one-fourth of the cotton purchased, and that the cash payment was made in settlement of the price for his interest, in said cotton, of which there was evidence adduced upon the trial.

There was no error in the refusal by the court below of appellants' special charge No. 7, complained of in their twelfth assignment of error. The general charge of the court below sufficiently placed the burden of proof upon the plaintiff to prove the material allegations of his petition.

For reasons already stated, appellants' thirteenth assignment of error is overruled.

The charge of the court complained of in appellants' fourteenth assignment of error, in view of evidence adduced upon the trial, was properly given to the jury.

Appellants' fifteenth assignment of error is overruled. As already stated, there was testimony on the subject to which the charge complained of relates, and the record shows there was a prayer for interest embraced in the petition, which was sufficient to authorize the charge.

Appellants' sixteenth and seventeenth assignments of error are overruled for reasons already stated.

There was no error in the charge of the court below as complained of in appellants' eighteenth and nineteenth assignments of error. The parts of the charge complained of were correct enunciations of the law as applied to the phases of the evidence to which they related. Where a creditor purchases property from an insolvent debtor, knowing him to be insolvent, and only purchases so much property as would be reasonably sufficient in value to satisfy his debt, the transaction is not fraudulent as to other creditors, although the debtor intended to defraud other creditors and the purchasing creditor knew of such intent, if he did not in some manner participate in such fraudulent intent. (Reynolds v. Weinman, 25 S. W. Rep., 34; Owens v. Clark, 78 Texas, 547.)

In the case of Owens v. Clark, supra, the court uses this language: "If the debt of the claimant was an honest one, and he bought no more property than was sufficient to pay it, he had a perfect right to make the purchase, notwithstanding the insolvency of Rose, even if the purpose of Rose was to evade the payment of other debts, and such purpose was known to the claimant." Citing Lewy & Co. v. Fischl, 65 Texas, 311; Iglehart v. Willis, 58 Texas, 306.)

We have examined and considered all of the other assignments of error presented in appellants' brief, and are of opinion that none of them are well taken.

There being no reversible error pointed out in the record, the judgment of the court below is affirmed.

*Affirmed.*

Writ of error refused.