PAUL BERGFELD ET AL V. THE STATE.

No. 5391.  Decided June 18, 1919.

**Theft—Ownership—Possession—Variance.**

Where, upon trial of theft of certain seed cotton, the indictment alleged ownership in the person who owned the farm upon which the cotton was raised, and the evidence showed that the cotton was not upon the premises under the control of said owner nor in his possession but was on the premises he had rented to another under whose care, management, and control it was at the time it was taken, the variance between the allegation and the proof as to ownership and possession was fatal, and reversible error. Following Hall v. State, 22 Texas Crim. App., 632, and other cases.

Appeal from the County Court of Guadalupe.  Tried below before the Hon. J. B. Williams.

Appeal from a conviction of theft of cotton; penalty, a fine of twenty-five dollars and one day's confinement in the county jail.

The opinion states the case.

*P. E. Campbell,* for appellant.—On question of ownership and possession: Spiller v. State, 61 Texas Crim. Rep., 555, 135 S. W. Rep., 549; Lewis v. State, 73 Texas Crim. Rep., 44, 164 S. W. Rep., 5; Schenk v. State, 76 Texas Crim. Rep., 235, 174 S. W. Rep., 357; Long v. State, 39 Texas Crim. Rep., 461.

*E. A. Berry,* Assistant Attorney General, for the State.

MORROW, JUDGE.—Paul Bergfeld, Frank Campbell and Matt Campbell appeal from a conviction of theft.

One Adolph German owned a farm upon which one Mendoza lived and made a crop of cotton. Mendoza rented the farm and made a crop under an agreement to given German one-half of it for the use

of the land. The contract was not in writing but was "like all or-dinary rent contracts." It was contemplated that Mendoza should rent the land, plant, cultivate and gather the cotton and haul it to the gin and when sold the proceeds were to be divided. There was testimony that either of the parties had the right to sell the cot-ton after it was hauled to market. Mendoza gathered about eleven hundred pounds of seed cotton and placed it in a pile in the field which he rented from German. The point at which the cotton was located was about eight hundred yards from German's residence. Mendoza, about eleven o'clock at night, caused the cotton which was in the pile to be packed into sacks preparatory to hauling it to the gin on the following morning. He left it in the field and on his re-turn early in the morning three of the sacks were missing. The missing sacks were estimated to contain four hundred pounds.

In the indictment Adolph German is named as the owner and the allegation made that the cotton was taken from his possession. It is claimed that there was a variance, a failure to prove the owner-ship as alleged. The cotton was not upon the premises under the control of German, it was not in his possession. It was on the premises that he had rented to Mendoza. It had been gathered by Mendoza, sacked by him, he was preparing to haul it to the gin, it was in fact, and under the agreement between them, under his care, management and control, and whether he was the owner of it and German's right was that of a lien holder for his rent, or whether they were owners in common, for the purpose of this prosecution is not material. See Tignor v. Toney, 35 S. W. Rep., 881; Sparks v. Ponder, 94 S. W. Rep., 428; Rogers v. Frazier, 108 S. W. Rep., 727; Texas Produce Co. v. Sorrell, 168 S. W. Rep., 76 for discussion of the relative rights of landlord and tenant under similar contracts. There is a variance between the allegation and the proof in that ownership and possession were alleged in German and the proof showed it in another. This character of variance has uniformly been held material. Hall v. State, 22 Texas Crim. App., 632; White v State, 33 Texas Crim. Rep., 94; Williams v. State, 42 Texas Crim. Rep., 18.

The evidence is wholly circumstantial and quite inconclusive. In-asmuch as the judgment must be reversed because of the variance, and evidence upon another trial may present a different aspect, we refrain from discussing it in detail.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*