## Buell Cantrell v. The State.

No. 10495. Delivered December 22, 1926.

**Burglary—Indictment—Allegations and Proof—Variance Fatal.**

Where, on a trial for burglary, the indictment averred the ownership of the premises burglarized to be in M. P. Hawthorne, and the proof established one Dickson had possession, care, control and management of the property, Dickson was within the meaning of the law, the owner, and the variance is fatal. See Vernon's Ann. C. C. P. 1925, Vol. 1 page 276. Following Bergfeld v. State, 85 Tex. Crim. Rep. 287, and other cases cited.

Appeal from the Criminal District Court No. 2 of Dallas County. Tried below before the Hon. C. A. Pippen, Judge.

Appeal from a conviction for burglary; penalty, three years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is burglary; punishment fixed at confinement in the penitentiary for a period of three years.

The owner named in the indictment was M. P. Hawthorne. According to his testimony, he resided in the City of Dallas, and was president of a corporation known as the H. & D. Mercantile Company, which owned a mercantile establishment located at Seagoville, in Dallas County; that he had no personal knowledge of the burglary. He said:

"I had Mr. Dickson in charge of the store at that time, W. E. Dickson, who was manager of the store and also interested in the store; and R. L. Hawthorne, a nephew of mine."

Dickson testified in substance that he and R. L. Hawthorne, a relative of M. P. Hawthorne, conducted the business at the time the store was burglarized. To the same effect, in substance, was the testimony of R. L. Hawthorne.

The point was made upon the trial and is here pressed for decision that there was a variance between the averments and the proof on the subject of ownership. In theft and burglary cases, the owner is the person in possession, having care, control and management at the time. The evidence shows without conflict that Dickson had possession, care, control and management of the property, and that he, within the meaning of the law, was the owner. See Vernon's Ann. Tex. C. C. P., 1925, Vol. 1, p. 276, and cases collated; also Bergfeld v. State, 85 Tex. Crim. Rep. 489; Holland v. State, 87 Tex. Crim. Rep. 89; Guyon v. State, 89 Tex. Crim. Rep. 287; McGoldrick v. State, 89 Tex. Crim. Rep. 585; Osborne v. State, 93 Tex. Crim. Rep. 54; Embry v. State, 95 Tex. Crim. Rep. 488; Coney v. State, 100 Tex. Crim. Rep. 380.

Because of the refusal of the court to grant a new trial upon the grounds stated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*