MARSHALL McGOLDRICK v. THE STATE.

No. 6365.   Decided June 22, 1921.

1.—Burglary—Ownership—Corporation—Partnership—Variance.

If the real ownership of property be in a corporation, but the property in the possession of an individual, who has care control, and management of same, it will satisfy the law to name him as the owner. Neither would there be variance in the allegation and proof of ownership of either member of a partnership. Following Bailey v. State, 18 Texas Crim. App., 426, and other cases.

2.—Same—Evidence—Res Gestae—Bill of Exceptions.

Where the bill of exceptions did not disclose whether the testimony objected to was not *res gestae* and, therefore, not admissible, with reference to defendant's declaration in connection with his arrest and the finding of the stolen property, or that such testimony was not admissible upon other grounds, there was no reversible error. Following Manning v. State, 51 Texas Crim. Rep., 214, and other cases.

Appeal from the District Court of Bexar. Tried below before the Honorable W. S. Anderson.

Appeal from a conviction of burglary; penalty, two years' imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*R. H. Hamilton,* Assistant Attorney General, for the State.

MORROW, Presiding Judge.—The conviction is for burglary; punishment fixed at confinement in the penitentiary for two years.

The ownership of the premises was laid in H. G. Wharton. He testified that his plumbing establishment was burglarized on the morning of the tenth of January; that he found in the possession of Officer Kilday certain property including a kitchen sink and a shower attachment which he identified as part of the stolen property.

Kilday testified that he arrested the appellant and found in his possession the kitchen sink and some other articles; that at the time of the arrest appellant "confessed that he had gone into Kirkwood & Wharton's place and took a kitchen sink out of there, a patented shower head for a bath, and he told me where his bicycle was. I went to a point back of Kirkwood & Wharton's and found his bicycle, and there was tied to it a box containing the patented shower head."

Another officer, Staines, testified that he was a night watchman in the locality where Kirkwood & Wharton's place of business was situated; that he went around the corner of the yard and saw the appellant standing with a large package; that he said to the appellant: "Come on out to the side walk," and he didn't want to go there, and he wanted to get his bicycle.

A witness by the name of Ives testified that he was vice-president of Kirkwood & Wharton's; that in his opinion he was the first one on the premises after the burglary; that he opened the place each morning and upon the occasion in question he found the back door open about 6:30 in the morning.

The conviction is attacked upon two grounds: First, that there was a variance between the allegation and proof of ownership; second, that the admission of the testimony of Officer Kilday was in violation of the statute regulating the introduction of evidence of confession of one under arrest.

On the matter of ownership, we regard the appellant's position as unsound. The evidence, substantially all of which we have quoted, is not inconsistent with the averment naming Wharton as the owner. The suggestion that it belonged to a partnership would not sustain the claim of variance because in such case the allegation and proof of ownership of either partner was sufficient. Code of Crim. Proc., Art. 457; Coats v. State, 31 Texas Crim. Rep., 257; Davis v. State, 63 Texas Crim. Rep., 454; Branch's Ann. Penal Code, Sec. 2434. The testimony of Ives that he was vice-president does not show that the property was owned by a corporation, but if the contrary were true, Wharton, being in possession of the property, the allegation of ownership in him was appropriate. If the real ownership of property be in a corporation but the property in the possession of an individual, that is, under his care, control and management, it will satisfy the law to name him as the owner. Bailey v. State, 18 Texas Crim. App., 426;

Branch's Ann. Penal Code, page 1325 and cases listed; Guyon v. State, 89 Texas Crim. Rep., 230 S. W. Rep., 408.

Concerning the confession, the bill of exceptions discloses that in the absence of the jury inquiry was made of the witness Kilday, and that he gave testimony to the effect that while under arrest, appellant said he entered the house, took out the articles and "was hauling it off on the bicycle when arrested." Upon the return of the jury the witness gave before them this testimony:

"McGoldrick, after being questioned a while, confessed he had gone into Kirkwood & Wharton's place and took a kitchen sink out of there, a patented shower head for a bath, and he told me where his bicycle was."

"I went over on Crockett St. back of the fence of Kirkwood & Wharton's, and there I found his bicycle, and tied to this was a box which contained the patent shower head."

Whether this was *res gestae* is not disclosed by the bill. If *res gestae,* it was admissible. Moore v. State, 46 Texas Crim. Rep., 58; Koller v. State, 36 Texas Crim. Rep., 498; Branch's Ann. Penal Code, Sec. 83. To show error, it was appellant's burden, by his bill, to show that it was not admissible. Manning v. State, 51 Texas Crim. Rep., 214. From Kilday's testimony it appears that he saw the appellant immediately after his arrest and while he was in possession of a part of the stolen property; that he learned from him the location of the bicycle and found the bicycle to which was tied the box containing other articles stolen from the premises described in the indictment. Whether the appellant was with him at the time does not definitely appear, but from the expression in the bill that he was "hauling off the property on his bicycle when arrested" the inference might be drawn that the evidence adduced was *res gestae.* We do not wish to intimate that even if it were not *res gestae* it would be inadmissible. As to that it is unnecessary to express an opinion, suffice it to say that the bill of exceptions fails to show error in its admission.

Finding no error warranting a reversal, the judgment is affirmed.

*Affirmed.*