### J. D. Wade v. The State.

No. 7406.  Decided February 7, 1923.

Rehearing Denied March 7, 1923.

**1.—Intoxicating Liquor—Possession—Sufficiency of Evidence.**
Where, upon trial of unlawful possession of intoxicating liquor, the evidence was sufficient to support the conviction, there is no reversible error.

**2.—Bills of Exception—Question and Answer Form.**
Where the bills of exception were in question and answer form, the same will not be considered on appeal. Following Jetty v. State, 90 Tex. Crim. Rep., 346, 235 S. W. Rep., 889.

**3.—Same—Confessions—Fruits of Crime.**
Where the confession led to the discovery of the fruits of the crime, there was no error in admitting the same in evidence. Following Broz v. State, 245 S. W. Rep., 707.

**4.—Same—Rehearing—Indictment—Negative Averments.**
Where the indictment was under the old form of the law, which contained negative averment, and the use of the words, "on or about," as applied to the date of the defense, and is not obnoxious to the rules against disjunctive averments, there is no reversible error.

**5.—Same—Former Trial—Manufacturer—Possession.**
Where appellant contended that the convictions cannot stand because the manufacturer of the liquor, and the possession thereof, embraced but

one transaction, and that the appellant having been tried for the manufacture is not amenable to prosecution for the possession; but the record on appeal showed no such conviction or trial, there is no reversible error.

Appeal from the District Court of Wise. Tried below before the Honorable F. O. McKenzie.

Appeal from a conviction of unlawful possession of intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

*Oscar H. Calvert,* for appellant.—On question of insufficiency of indictment: Smith v. State, 234 S. W. Rep., 893.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for the unlawful possession of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

Without detailing the evidence, it appears quite sufficient to support the verdict.

Two bills of exception are found. Both are in question and answer form. Neither of them sets out sufficient surrounding circumstances upon which to appraise the merits of the points to which they are addressed. See Jetty v. State, 90 Texas Crim. Rep., 346, 235 S. W. Rep., 889; Branch's Ann. Texas Penal Code, Sec. 207.

The officer testified that he went to the premises occupied by the appellant and told him that they wanted to search his premises; that they wanted to know where he had the still, to which he replied that "there is one down there in that barn," pointing towards the barn. The officer said: "Well, let us go down and see." Appellant went with him and pointed out the still, together with some whisky and other appurtenances for manufacturing whisky. The point made against the admissibility of this evidence apparently is that its receipt was inhibited under the statute forbidding the proof of the confession under certain circumstances. See Code of Crim. Proc., Art. 810. The statute does not forbid the proof of the confession which leads to the finding of the fruits of the crime or the instruments with which it is committed. See Broz v. State, 93 Texas Crim. Rep., 137, 245 S. W. Rep., 707.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

ON REHEARING.

March 7, 1923.

MORROW, PRESIDING JUDGE.—The indictment charged that the offense took place "on or about the first day of September, 1921." It

also charged that appellant's possession of the intoxicating liquor was for the purpose of sale and not for medicinal, mechanical, sacramental or scientific purposes.

In his motion for rehearing appellant insists that the indictment was bad because it does not charge possession for the purpose of sale and because it uses the words "on or about." The criticism is unsound. The negative averments are contained in the indictment, and the use of the words, "On or about" as applied to the date of the offense, is not obnoxious to the rule against disjunctive averments. See Morris v. State, 83 S. W. Rep., 1126; Scott v. State, 56 S. W. Rep., 61; Morgan v. State, 7 Amer. & Eng. Ann. Cas., p. 776, note.

The point is made that the conviction cannot stand because the manufacture of the liquor and the possession of the liquor embrace but one transaction, and that the appellant having been tried for the manufacture is not amenable to prosecution for the possession. Appellant cites the case of Smith v. State, 90 Texas Crim. Rep., 273 (234 S. W. Rep., 894) in which this court said:

"The unlawful possession of intoxicating liquors is a felony when possessed for sale, and the unlawful manufacture of intoxicating liquors is a felony. The two do not necessarily constitute the same act. The possession may be entirely independent of the manufacture, and the possession of equipment may likewise be entirely independent of the possession of intoxicating liquors or the manufacture thereof. It seems to us that the case is one calling for an election."

The record does not show that appellant was tried for the manufacture of the same whisky as that upon which the present prosecution for possession is founded. There is a statement in the motion for new trial that two cases; one for the manufacture and one for possession, were tried at the same time. The motion is not authenticated nor is there any indication that there was objection on the part of the appellant to trying the two cases at the same time. The fault of the court, if any, in trying the two cases in that manner is not brought up for review, nor is there aught in the record which brings the facts out of the principle which we have quoted from the Smith case, supra.

The motion for rehearing is overruled.

*Overruled.*