Ernest Bell v. The State.

No. 7025.   Decided February 28, 1923.

Motion for rehearing denied April 25, 1923.

**1.—Unlawfully Manufacturing Intoxicating Liquor—Return of Seized Property.**

A motion to require the State to return to the defendant certain paraphernalia and property alleged to have been taken by the sheriff at the time of making the raid and seizing the implements for manufacturing liquor, was correctly overruled. Following Welchek v. State, 93 Texas Crim. Rep., 271.

**2.—Same—Indictment—Negative Averments.**

Since the adoption of the amendment to the Dean Law, which went into effect November 15, 1921, and which removed the said exception in the statute, it is not necessary to negative such exceptions.

**3.—Same—Evidence—Written Agreement.**

Upon trial of unlawfully manufacturing intoxicating liquor, a written statement by the defendant as part of a motion asking for the return of certain parts of his property, showing the ownership and possession of the still, etc., which was found in the residence of the defendant, was properly introduced in evidence.

**4.—Same—Bill of Exceptions—Question and Answer Form.**

A bill of exceptions in question and answer form, and reflecting several exceptions, is multifarious in character, and cannot be considered on appeal.

**5.—Same—Evidence—Res Gestae.**

Upon trial of unlawfully manufacturing intoxicating liquor there was no error in admitting testimony that when the officers went to the home of the defendant they found whisky in process of manufacture, and that the party present had nothing to do with the still and that defendant and his brother were in control.

**6.—Same—Rehearing—Search and Seizure—Former Precedent.**

The Constitutional question with reference to search and seizure has been heretofore adversely settled by this court to defendant's contention that the same is unconstitutional. Following Welchek v. State, 93 Texas Crim. Rep., 271.

Appeal from the Criminal District Court of Tarrant. Tried below before the Honorable George E. Hosey.

Appeal from a conviction of unlawfully manufacturing intoxicating liquor; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

*Joseph W. Beiley, John W. Estes, W. B. Ammerman,* and *Estes & Ammerman,* for appellant.

*R. G. Storey,* Assistant Attorney General for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the Criminal District Court of Tarrant County of manufacturing intoxicating liquor, and his punishment fixed at four years in the penitentiary.

By five bills of exception appellant presents the refusal of a motion to require the State to return to him certain paraphernalia and property alleged to have been taken by the Sheriff at the time of a raid upon his place; the overruling of his objections to the introduction of such articles in evidence on his trial, and of the admission in evidence of the testimony of the officers as to what they found on his premises and in his possesion at the time of his arrest. All of the matters contained in said bills of exception have been decided adversely to the appellant's contention in the case of Welchek v. State, 93 Texas Crim. Rep., 271, No. 7136, opinion handed down November 22, 1922.

Appellant moved to quash the indictment upon the ground that it failed to negative the exceptions contained in the statute forbidding the manufacture of intoxicating liquor, that is, the indictment did not state that it was not manufactured for medicinal, sacramental, scientific or mechanical purposes. Since the adoption of the amendment to the Dean Law, which went into effect November 15, 1921, and which removed said exceptions from the section of the law defining the offense, it has been uniformly held that it is not necessary to negative such exceptions.

Complaint is made of the fact that a portion of the written motion asking for the return of the articles mentioned above, which was signed by appellant, was admitted in evidence upon this trial. Referring to that part of said motion which was admitted, it appears that in same appellant stated under oath that he resided upon what is known as the Reeves Farm, one mile north of Bedford, Tarrant County, Texas, and that he had said place under legal lease for a year, and that it was his home and castle. This being a statement in writing made by the appellant, which fact is not denied, it became admissible as reflecting the ownership and possession of the still, mash, etc. which were found in the residence on said farm at the time the officers made the raid, and which were offered in evidence in the development

of the case against appellant for manufacturing intoxicating liquor. It is clear that the objection of appellant was properly overruled.

Appellant's bill of exceptions No. 9 is entirely in question and answer form and reflects several exceptions. Such a bill is multifarious and will not be considered by this court. The same is also true of bill of exceptions No. 10 which consists of four pages of questions and answers.

There was an objection made to the testimony of the officers to the effect that when they went to the home of appellant where they found whisky in process of manufacture, and found appellant, his brother and a man named McMillan, that appellant and his brother both stated to said officers that McMillan had nothing to do with the still, that it was theirs. This would appear to be res gestae. The manufacture of the liquor in question was in actual process. The fire was under the furnace, the mash was boiling, the steam being condensed in the worm and whisky dripping from the mouth of the worm into a container.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

#### ON REHEARING.

### April 25, 1923.

MORROW, Presiding Judge.—The questions raised in the motion for rehearing have to do with the contention of the appellant that in seizing the whisky and the still with which it was manufactured under a search-warrant and in refusing to re-deliver it to the appellant upon his motion and in receiving in evidence testimony concerning its discovery under the search-warrant, the provisions of the Constitution of the United States and of this State relating to searches and seizures were violated. The views of this court touching the legal questions involved were expressed in the case of Welchek v. State, 93 Texas Crim. Rep. 271, 247 S. W. Rep. 524, and to the views there expressed, which are determinative of the points raised in this case, adherence is given.

The motion for rehearing is therefore overruled.

*Overruled.*