DAVE MADSEN v. THE STATE.

No. 7596. Decided June 13, 1923.

Rehearing denied October 17, 1923.

1.—Manufacture of Intoxicating Liquor—Indictment—Negative Averment.

Where, at the time of the offense, under the law it was not required that an indictment contain an averment negativing the exceptions contained in the statute, there is no reversible error. Following Crowley v. State, 92 Texas Crim. Rep., 103.

2.—Same—Conflict of Law—Federal and State Law.

It has been held by both of the courts of last resort, in Federal and State courts, that the statute forbidding the manufacture of intoxicating

liquor in this State and fixing the penalty therefor, was not inoperative by reason of the Federal statute upon the same subject. Following Ex parte Gilmore, 88 Texas Crim. Rep., 429, and other cases.

### 3.—Same—Sufficiency of the Evidence.

Where, upon trial of unlawfully manufacturing intoxicating liquor, the evidence is sufficient to sustain the conviction there is no error. Following Broz v. State, 93 Texas Crim. Rep., 137.

### 4.—Same—Search Warrant—Evidence—Practice in Trial Court.

Proof of the possession of a search warrant is not necessary as a condition precedent for the testimony of the officers to facts which they observed at the time of their visit to appellant's premises. Following Welchek v. State, 93 Texas Crim. Rep., 271.

### 5.—Same—Intoxicant—Whiskey—Evidence.

Where the evidence as to the manufacture of the liquor showed that it was whisky, further proof of the intoxicating character thereof was not demanded. Following Rutherford v. State, 49 Texas Crim. Rep., 21, and other cases.

### 6.—Same—Charge of Court—Principals.

Where, upon trial of unlawfully manufacturing intoxicating liquor, the issue of the law of principals was clearly raised by the evidence, the court correctly submitted the law thereon. Following, Middleton v. State, 86 Texas Crim. Rep., 318, and other cases.

### 7.—Same—Rehearing—Practice on Appeal.

It is too late to complain for the first time in a motion for a new trial of alleged errors in the admission or rejection of evidence, and this must be presented by bills of exception and not solely in a motion for a new trial.

Appeal from the District Court of Wood. Tried below before the Honorable J. R. Warren.

Appeal from a conviction of unlawfully manufacturing intoxicating liquor; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*Hart & Maberry* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State. Cited, cases in opinion.

MORROW, Presiding Judge.—The conviction is for the unlawful manufacture of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of three years.

The State's theory, as developed from the evidence, is this: The sheriff and the deputy sheriff went to the home of the appellant. They walked into the house and on reaching the door to the kitchen, observed a still sitting upon the stove and a keg upon the table. When one of the officers attempted to enter the kitchen, appellant's wife

came to the door and forbade his entrance. Appellant at the time was out cutting some stove wood about twenty feet from the kitchen. He was placed under arrest by one of the officers. They then entered the kitchen and found a still, a copper outfit holding about ten gallons, practically full of mash made of meal, chops and sweetened. A worm was connected, a water keg was sitting on the table, a trough to put a worm in use was near the keg, and the still was on the cook stove. The worm reached the keg with water in it. There was a churn or jar, holding about four gallons, sitting under the spout of the worm, which was nearly full of whisky. The whisky was dripping into the jar. The witness tasted the liquid and took it to be whisky. He was familiar with the smell of whisky and the liquid smelled like whisky. This was the statement of the sheriff. There was found other mash in the barn and smokehouse. A fire was burning and all parts of the still were connected. The persons present were the appellant, his wife, and some of his children. The deputy sheriff testified that he tasted the liquid in the jar and that it was a low grade of corn whisky.

When the officers approached the house, which they did very quietly, one of them saw the appellant leave the house and go to the woodpile and take some stove wood in his arms. Upon observing the officers, he threw the wood down.

Appellant's wife testified that upon the arrival of the officers, her husband was out near the edge of the pasture where he had been plowing some corn a short time before; that he came to the house and got a drink of water. She was canning blackberries and was preparing to make cucumber pickles and was using the heat in the stove in canning; that the liquid in the jar was composed of salt water and vinegar; which was used for the purpose of making pickles; that the same was true of the contents of the copper can; that all of the apparatus that was found in the kitchen was under her control, and she was using it for the purpose stated; that the appellant had no connection with it. There was no fire burning in the stove; there were merely some coals. The so-called mash found on the premises was hog feed.

The offense was committed in June, 1922. At that time, under the law, it was not required that an indictment contain an averment negativing the exceptions contained in the statute under which the manufacture of intoxicating liquor was permitted. See Crowley v. State, 92 Texas Crim. Rep., 103, 242 S. W. Rep., 427; Travino v. State, 92 Texas Crim. Rep., 140, 242 S. W. Rep., 242. Both this court and the Supreme Court of the United States have held that the statute forbidding the manufacture of intoxicating liquor in this State and fixing the penalty therefor was not inoperative by reason of the Federal statute upon the same subject. See Ex parte Gilmore,

88 Texas Crim. Rep., 429; Chandler v. State, 89 Texas Crim. Rep., 599, 232 S. W. Rep., 336, and 337. The Chandler cases, on a writ of error, were decided against appellant's contention by the Supreme Court of the United States.

The evidence in the instant case is sufficient to support the verdict. Some analogous cases are Dirden v. State, 93 Texas Crim. Rep., 324, 247 S. W. Rep., 871; Hall v. State, 93 Texas Crim. Rep., 392, 248 S. W. Rep., 365; Broz v. State, 93 Texas Crim. Rep., 137, 245 S. W. Rep., 707.

There was testimony that the search-warrant which was in possession of the officers at the time they went to appellant's premises had been lost, and the proof of its loss and contents was made by secondary evidence. Objection was urged to this because the predicate was not sufficient. The sheriff in whose possession the warrant was placed testified to its loss and to his inability to find it after search. We think the predicate was sufficient. Proof of the possession of a search-warrant is not necessary as a condition precedent for the testimony of the officers to facts which they observed at the time of their visit to appellant's premises. See Welchek v. State, 93 Texas Crim. Rep., 271, 247 S. W. Rep., 524.

There was evidence upon which the jury could properly have determined that the appellant and his wife were engaged in manufacturing whisky. Further proof of the intoxicating character of the liquid was not demanded by the law. Whisky is a known intoxicant and the courts so regard it. See Black on Intoxicating Liquors, Sec. 12; also Rutherford v. State, 49 Texas Crim. Rep., 21; Coats v. State, 86 Texas Crim. Rep., 234, 215 S. W. Rep., 856; Cyc. of Law & Proc., Vol. 23, pages 225 and 226.

There was no error in submitting the law of principal offenders. The issue was clearly raised by the evidence. At the time of his arrest, according to the State's testimony, whisky was in the process of manufacture in the dwelling of the appellant. He had but a few moments before been in the house. His wife at the time of the arrest was in the kitchen where the mash was cooking under a fire in the stove, liquid dripping from the still, and nearly four gallons of whisky had been manufactured. Appellant, at the immediate time of the arrest, was some twenty feet away at the woodpile and had some wood in his arms. According to the State's evidence, he was present and took part in the unlawful act. See Middleton v. State, 86 Texas Crim. Rep., 318; Broz v. State, 93 Texas Crim. Rep., 137, 245 S. W. Rep., 707. At least, the circumstances were such as justified the jury in so concluding, and the issue of appellant's guilt was submitted under the law of circumstantial evidence. Thereby appellant's rights were fully conserved.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

October 17, 1923.

HAWKINS, JUDGE.—Appellant's motion on rehearing relates almost entirely to the resubmission of questions discussed in our original opinion. Believing they were correctly decided it is profitless to write further regarding them. However, he complains that we failed to consider bill 'of exception number six, or to be more exact, one portion of said bill wherein he complains that the court permitted the sheriff to testify that appellant's wife said to him, "I told Dave (appellant) to pour it out," or "I tried to get Dave to pour it out," evidently referring to the mash or whisky. We find that bill of exception number six consists of twenty pages of typewritten matter, and complains in the one bill (a) of the overruling of the motion for new trial, (b) of the failure of the court to quash the indictment, (c) refusal to give special charges, and (d) not sustaining objections to the charge of the court; the entire contents of all these various instruments are set out in full in this bill. The thirteenth ground of the motion for new trial sets up that the court erred in admitting the wife's statement specifically complained of in the motion for rehearing. We find in the record no other bill of exceptions bringing the matter forward for review. It is too late to complain for the first time in a motion for new trial of alleged errors in the admission or rejection of evidence, and the objections must be presented in bills of exception and not embraced solely in the motion for new trial as one of the grounds therefor. (See authorities collated under paragraph 7, Sec. 207, page 132, Branch's Ann. P. C., and note 46, Art. 744, p. 560, Vol. 2, Vernon's Crim. Statutes.)"

The motion for rehearing will be overruled.

*Overruled.*