## F. G. Gannon v. The State.

### No. 8207. Decided March 26, 1924.

**Manufacturing Intoxicating Liquor—Evidence—Declarations of Defendant—Confessions.**

Upon trial of unlawfully manufacturing intoxicating liquor where defendant declared that he was merely starting to make choc beer and that the arrest interrupted his operation, etc., and also said that he had choc beer on hand, there was no error in admitting same in evidence. Following: Broz v. State, 93 Texas Crim. Rep., 137.

Appeal from the District Court of Clay. Tried below before the Honorable Paul Donald.

Appeal from a conviction of unlawfully manufacturing intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Taylor & Taylor* and *R. Donley Suddath,* for appellant.—Cited · Bonatz v. State, 212 S. W. Rep., 494; Parham v. State, 222 id., 561.

*Tom Garrard,* Attorney for · the State, and *Grover C. Morris,* Assistant Attorney for the State.

MORROW, Presiding Judge.—Manufacturing intoxicating liquor is the offense; punishment fixed at confinement in the penitentiary for a period of one year.

The State's testimony was to the effect that an officer, while passing near the home of the appellant, saw some mash cooking on his premises and judged from the appearance of it that liquor was being made. He also observed the appellant carrying water. Later, the officer, in company with others, went to the home of the appellant and finding him there, asked him the whereabouts of the "choc beer" which he was making that afternoon. Appellant replied that it was near the door. One of the officers looked at the place designated and found there "a ten-gallon keg of sour mash and stuff." Appellant was then asked the whereabouts of the "finished stuff." When asked if he, had any more, he declared that he did not, but later the officer found some more. There was more liquor in the · tub in which the mash had been cooking earlier in the day. There

were also found on the premises fifteen gallons of "choc beer" which was warm. The liquid found on the premises was analyzed and found to contain eight and a fraction per cent of alcohol by volume. There was also evidence that "choc beer" was intoxicating, the percentage of alcohol being above that in the beverage known as "lager beer."

Appellant's testimony was to the effect that he was merely starting to make "choc beer"; that the arrest interrupted his operations; that according to the process of making it, it was required to cool before the ingredients necessary to complete it were put in it; that his arrest was made while the liquid was still hot. He also testified that when the officers arrived with a search-warrant, they said: "Have you got any choc"; that he replied, "Yes," and pointed it out to them. He had not previously manufactured such an article. He said it was not made to sell or to transport it; that it was not intoxicating. He further said that in warm weather it took about four days to make "choc beer," and in winter it took longer time; that to complete the article which he had in the tub, it would have to have hops, yeast and sugar put in it besides the articles that were in it at the time of his arrest.

Objection was made to the receipt in evidence of the declarations of the appellant to which we have adverted upon the ground that they constituted a verbal confession made while appellant was in custody and unwarned. The declarations are apparently admissible under the exceptions to the statute on confessions, which reads thus:

"  .   .   .   or, unless in connection with said confession, he makes statements of facts or circumstances that are found to be true, which conduce to establish his guilt, such as the finding of secreted or stolen property, or the instrument with which he states the offense was committed." (Art. 810, C. C. P.)

See Vernon's Texas Crim. Stat., Vol. 2, p. 756, note 12, and cases cited; also Broz v. State, 93 Texas Crim. Rep., 137; Branch's Ann. Texas P. C., Sec. 63.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*