Finding no error in the record, the judgment is affirmed.

On Motion for Rehearing.

LATTIMORE, J. Appellant insists in his motion that the evidence on behalf of the state is not sufficient. In view of the urgence of his contention we have again carefully reviewed the facts. While it is true appellant lived in a house with six other people, said persons were his aged father and mother, the former being 82 years of age, as stated in the original opinion. The others consisted of appellant's wife and the minor members of his family. We perceive small opportunity for application of the rule relating to other persons having equal opportunity to commit the offense as the one on trial. Appellant made no effort to show by his father and mother, or by any member of his own family, that any one exercised any control over the premises on which the liquor was found other than himself. The contention that 11 bottles of the liquor, some containing full quarts, were found in a pasture belonging to another man, has little merit. The pasture came up very near to appellant's house and the bottles of whisky were found within a few yards of the line. The nearest neighbor is shown to have lived between a quarter and a half mile distant.

We are not led to believe ourselves in error in the original opinion, and the motion for rehearing will be overruled.

═══════

STRICKLAND v. STATE.    (No. 8327.)

(Court of Criminal Appeals of Texas. Oct. 22, 1924. Rehearing Denied Dec. 10, 1924. Application to File Second Rehearing Denied Jan. 14, 1925.)

1. Criminal law ⟨⟩1170½(2) — Question to wife of accused as to which she was not examined in chief, held not error in view of answer.

Question to accused's wife as to statements by officers to accused concerning which she had not been examined in chief, held not error where she answered that she did not hear the officers make any such statement.

2. Criminal law ⟨⟩655(4)—Court's statement in dismissing remainder of jury after selection of jury for case to be tried, held not harmful to accused.

Court's statement in dismissing remainder of jury, thanking them for the patriotic service rendered, after the jury in the case to be tried was selected, held not harmful to accused.

On Motion for Rehearing.

3. Criminal law ⟨⟩364(4)—Officers' testimony as to statements of accused and his father-in-law shortly after discovering of still admissible as res gestæ.

Officers' testimony as to statements of accused and his father-in-law shortly after discovery of still in process of manufacturing liquors, objected to as being made while under arrest and unwarned, held admissible as part of res gestæ.

Appeal from District Court, Grayson County; Silas Hare, Judge.

Oscar Strickland was convicted of manufacturing intoxicating liquors, and he appeals. Affirmed.

Carlisle & West and J. P. Cox, all of Sherman, for appellant.

(267 S.W.)

Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

LATTIMORE, J. Appellant was convicted in the district court of Grayson county of manufacturing intoxicating liquor, and his punishment fixed at 18 months in the penitentiary.

On the occasion in question officers went to the premises of appellant's father-in-law and found in a storm cellar a still in operation. There was a false wall in the storm cellar and the still was located back of this. A fire was burning under a four-burner stove on which was a still, the contents of which was boiling and whisky was running out through the worm; about two gallons of whisky being in the container sitting under the worm. This was corn whisky and was intoxicating. While the officers were in the storm cellar appellant came into same and said to the officers, with reference to the still, that it was his and that his father-in-law, Mr. Waters, did not have anything to do with it. He further said that it was his father-in-law's place but that he was staying there with him. One of the officers asked appellant where he got the still and he replied that he had made it; that no one had seen it except himself and his wife; that he made the whisky himself. The officers further testified that appellant's father-in-law came to the storm cellar while the still was in operation and in the presence of appellant stated that the still belonged to the latter.

Appellant's father-in-law, Mr. Waters, testified that he had nothing to do with the placing of the still in the cellar or with running same or making whisky. He also testified that this appellant had been living with him in a house near which the storm cellar was located, since about the 1st of January of that year. Appellant's wife testified denying that he made the statements attributed to him by the officers but made no explanation of how the still came to be in the storm cellar. Appellant's mother-in-law testified for the defense, asserting that she was present during part of the time the officers were there and did not hear any such statements as were testified to by them. She testified that her husband, Mr. Waters, had nothing to do with the running of the still, that she did not know how long the still had been in the cellar, nor who put it there. She said the cellar was about 15 steps from the door of the house. She also asserted that she had nothing to do with running the still or bringing it there, and that her daughter, appellant's wife, had nothing to do with it. Appellant's father-in-law further testified, denying the statement which the officers said he made, but attempting no explanation of how the still came to be in the cellar nor who was operating it. Appellant's brother-in-law also testified for the defense but gave no expla-nation of the presence of the still or by whom same was being operated. Appellant testified stating that he did not know there was a still in the cellar, and that he had nothing to do with its operation, and that he did not make the statement which the officers swore he did make in the storm cellar at the time the still was discovered. He further said that he was surprised when the officers found the still but that he did not go down in the cellar to look at it.

Appellant insists that the statements testified to by the officers as being made by himself and his father-in-law, in the storm cellar shortly after the still was discovered were objectionable upon the ground that they were under arrest and were unwarned. In the opinion of this court the statements were res gestæ and therefore admissible. Bell v. State, 94 Tex. Cr. R. 266, 250 S. W. 177; Broz v. State, 93 Tex. Cr. R. 137, 245 S. W. 707.

[1] A question was asked appellant's wife while on the witness stand as to whether she heard one of the officers tell appellant to go down into the cellar. Objection was made to this upon the ground that it called for matters about which she was not examined while giving her testimony in chief. The bill discloses that witness replied that she did not hear the officer make any such statement to her husband. The bill discloses no error.

[2] There is another bill of exceptions complaining of the fact that, after the jury was selected to try this case, the remainder of the jury were dismissed, and that the court thanked them for having rendered patriotic service during the week. We are unable to perceive any injurious statement to appellant, in what was said to the remainder of the jury by the learned trial judge.

Finding no error in the record, the judgment is affirmed.

## On Motion for Rehearing.

[3] Appellant misconceives the ground on which we held admissible the statements made by him to the officers who came to the premises and found the still in operation and the manufacture of whisky in process. In his motion for rehearing he presents arguments to show that the still and the paraphernalia were not found by reason of the disclosures made by him to the officers after his arrest. That part of the confession statute which permits testimony as to statements made by one accused of crime while under arrest, if such statements are found to be true or lead to the recovery of the stolen property, etc., was not in any way made the basis for our opinion, or had in mind by us in what was said in holding the statements of appellant admissible. It has always been held by this court that statements made by one accused of crime which are res gestæ of the crime are admissible whether the party be under arrest or not. In this case appellant was charged with the manufacture of intoxicating liquor. The liquor in

question was actually in process of manufacture in the presence of the officers and appellant at the time the statements were made by him, which were introduced in evidence and here complained of. It can easily be seen that this principle of evidence is very different from the one referred to by appellant in his motion.

Believing the statements made by appellant to be admissible under the rule of res gestæ, and that the case was correctly disposed of in the original opinion, the motion for rehearing will be overruled.