ROSELLA JONES V. THE STATE.

No. 10288.   Delivered April 13, 1927.

Rehearing denied May 11, 1927.

1.—Possessing Intoxicating Liquor—Evidence—Motion to Suppress—Not Proper Practice.

Where appellant presented a preliminary motion to suppress testimony obtained by a search of her premises, the motion was properly overruled. This court has repeatedly held that the procedure attempted was unknown to our law, but that if the evidence was illegally obtained through an illegal or unreasonable search, it would be proper to exclude it on objection when it was offered. See Fowler v. State, 291 S. W. 251.

2.—Same—Continued.

Under the practice in this state, if evidence is offered in a criminal case which the accused thinks is inadmissible, he shall object to the evidence, stating his grounds, and if the court's ruling is against him, that fact should be stated, together with the evidence adduced and enough of the surrounding facts to show its erroneous receipt. See Art. 667, Vernon's C. C. P. 1925, Vol. 2, p 242, and p. 355, note 16; Baker v. State 87 Tex. Crim. Rep. 213; Bargas v. State, 86 Tex. Crim. Rep. 217.

3.—Same—Evidence—Statements of Accused—Made Under Arrest—When Admissible.

There was no error in admitting a statement made by appellant in her residence on the discovery of the whiskey, notwithstanding that at the time she was under arrest. It has long been the settled rule in this state that acts and declarations of the accused, if res gestae, are admissible in evidence, without regard to the accused being under arrest at the time. See Calloway v. State, 92 Tex. Crim. Rep. 506, and collation of authorities in opinion on rehearing.

Appeal from the District Court of Jefferson County. Tried below before the Hon. J. D. Campbell, Judge.

Appeal from a conviction for the possession of intoxicating liquor for the purpose of sale, penalty one year in the penitentiary.

The opinion states the case.

*F. G. Vaugh* of Beaumont, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful possession of intoxicating liquor for the purpose of sale, punishment fixed at confinement in the penitentiary for one year.

The witness Hayes, a police officer, testified that possessed of a search warrant he searched the home of the appellant and found therein four gallons of whiskey. In addition thereto there was beer and mash. The beer was in the making. Appellant seems to have been absent at the time the house was searched, but arrived soon thereafter. The officers at the time had in custody another woman, an inmate of the house, and appellant said:

"Don't take my sister down; she hasn't got nothing to do with it; that is my stuff, and there is no use to take my sister."

Other witnesses testified that they saw the whiskey upon the appellant's premises.

We find but one bill of exceptions and in that complaint is made of the refusal of the court to grant a preliminary motion to suppress the testimony claimed to have been obtained by an illegal search. This bill, as prepared, if it could be considered as proper procedure, fails to show an unreasonable search. This court has repeatedly held that the procedure attempted was unknown to our law, but that if the evidence was illegally obtained—that is, obtained through an illegal or unreasonable

search—it would be proper to exclude it when it was offered. See Fowler v. State, 290 S. W. 1104; Raymond v. State, 291 S. W. 251. Under the practice in this state, if evidence is offered in a criminal case which the accused thinks is inadmissible, he shall object to the evidence, stating his grounds, and if the court's ruling was against him, that fact should be stated, together with the evidence adduced, and enough of the surrounding facts to show its erroneous receipt. See Art. 667, Vernon's Tex. C. C. P., 1925, Vol. 2, p. 342, especially page 355, note 16; Baker v. State, 87 Tex. Crim. Rep. 213; Bargas v. State, 86 Tex. Crim. Rep. 217.

The evidence is sufficient. The judgment is affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In our original opinion we should not have said there was only one bill of exception in the record. Outside of the questions discussed all of them relate to complaint at receiving in evidence certain statements made by appellant, and believing them to have been properly provable as res gestae we did not discuss them. In view of appellant's motion we give attention to these bills.

Officers went to appellant's house to search for intoxicating liquor. No one was at home. Some of the officers remained inside the house and two went about a block away and waited until appellant came up in a car with another woman, whom she said was her sister. The officers went with them, or took them, to the house, where the other officers had remained. In a few minutes after the whiskey was found and in view of it appellant made the statement set out in our original opinion. The officers at the time were preparing to take both appellant and her sister with them.

Other bills complain of proof of similar statements. Objection was interposed on the ground that appellant was under arrest at the time. The statements were admitted on the theory that they were res gestae, it being so stated in the explanation to the bills. In her motion for rehearing appellant cites many cases holding that statements made by accused while under arrest are not admissible, but apparently fails to note the exception which operates to make them admissible if the statements were res gestae. We had occasion to write at some length on this question, both in the original opinion and on motion for rehearing, in Calloway v. State, 92 Tex. Crim. Rep. 506, 244 S. W. 549, where the contention was that if accused was under arrest no statement in the nature of a confession would be admissible

under Art. 727, C. C. P. (formerly Art. 810), even though it might be res gestae, it being urged that the statute superseded the common law rule. Our holding was against the contention, which seems to be the same as that here made. The bills do not exclude the idea that the statements were res gestae. The court admitted them on that theory and the record seems to support his view of the matter. Gaunce v. State, 97 Tex. Crim. Rep. 365, 261 S. W. 577; Copeland v. State, 94 Tex. Crim. Rep. 112, 249 S. W. 495; Broz. v. State, 93 Tex. Crim. Rep. 137, 245 S. W. 707; Rayburn v. State, 95 Tex. Crim. Rep. 555, 255 S. W. 436; Bell v. State, 92 Tex. Crim. Rep. 342, 243 S. W. 1095; Coburn v. State, 96 Tex. Crim. Rep. 25, 255 S. W. 613; Strickland v. State, 98 Tex. Crim. Rep. 636, 267 S. W. 488; Boortz v. State, 95 Tex. Crim. Rep. 479, 255 S. W. 434; Givens v. State, 98 Tex. Crim. Rep. 651, 267 S. W. 725; Martini v. State, 104 Tex. Crim. Rep. 238, 283 S. W. 505.

Appellant's motion for rehearing is overruled.

*Overruled.*

Morrow, P. J., not sitting.