Ben Graves and Sam Tucker v. The State.

No. 13372. Delivered June 4, 1930.
Rehearing denied June 27, 1930.
Reported in 29 S. W. (2d) 379.

The opinion states the case.

*Hamilton, Fitzgerald & Grundy* of Memphis, for appellants.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—Offense, the unlawful manufacture of intoxicating liquor; penalty, five years in the penitentiary.

Officers driving along a road were fired upon by appellant Tucker. They prepared to return the fire, whereupon Tucker threw his pistol away and surrendered. About this time appellant Ben Graves was observed running at a distance of about a hundred yards away.

Officers thereafter found a still in operation some twenty-five or thirty feet from where Graves was first observed. Whiskey was running from this still. There was present around same forty-three barrels of mash, 115 or 120 empty barrels, some whiskey kegs, three tents, bedding and groceries and about thirty gallons of whiskey in a barrel. Officers gave chase to appellant Graves and began shooting at him, killing a dog which ran by his side, whereupon Graves stopped and surrendered. Officers immediately brought him back to the still. About twenty minutes had elapsed. The officers asked him to whom the still belonged and for whom he was working, to which he answered that the still belonged to Joe Moore and that he was working for Moore.

Graves was under arrest at the time and appellant presents by proper bills of exception the admissibility of the statements of Graves last mentioned, claiming that same were made while Graves was under arrest and unwarned and that they were not res gestae. The chief contention relied on by appellant Graves to destroy the res gestae character of these statements is his claim that they were made in answer to questions. It has been many times held that this alone will not take them out of the rules of res gestae. Boothe v. State, 4 Tex. Crim. App. 211; Williams v. State, 10 Tex. Crim. App. 535; Pierson v. State, 18 Tex. Crim. App. 562; White v. State, 30 Tex. Crim. App. 655; Harvey v. State, 35 Tex. Crim. Rep. 560; Johnson v. State, 46 Tex. Crim. Rep. 294; Long v. State, 48 Tex. Crim. Rep. 175; Hobbs v. State, 55 Tex. Crim. Rep. 302; Hickman v. State, 145 S. W. 914; Johnson v. State, 149 S. W. 165. The transaction testified to by the officers was a continuous one, beginning with the shooting and continuing without interruption to the time of the said statements of appellant Graves. They were made at the still while whiskey was running from same and just after appellant's apprehension and at a time when the circumstances would indicate that he was in an excited state of mind. The res gestae rule has been so extended from its original limits that it is now impossible under the authorities to precisely and accurately define it. Originally such a statement must have been strictly contemporaneous with the transaction to which it related. Every case under present authorities must be measured by its own particular facts. Though the present question is not free from difficulty, the Court is of the opinion that taking the record as a whole the statements appear to be of that instinctive and spontaneous character which bring them within the modern rule of res gestae and if so,

they were admissible, though appellant was under arrest. Bevers v. State, 9 S. W. (2nd) 1040, and authorities there cited.

The sufficiency of the evidence is vigorously questioned. In addition to the incriminative facts briefly set out above, the officers testified that appellant Graves had mash on his pants. Appellant Tucker pleaded guilty. In our opinion the evidence was sufficient to sustain the conviction.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The soundness of the conclusion stated in the original opinion that the declaration of Graves was admissible under the rule of res gestae is challenged. If, as stated in the original opinion, it was res gestae, the fact that the accused was under arrest would not render his declaration inadmissible. See Calloway v. State, 92 Tex. Cr. R. 507. As shown by the bill of exception, as the officers were driving down the river bed they observed Tucker, who began firing at them. They stopped and Tucker surrendered. About that time the appellant was seen near the still. The officers were about 100 yards distant and Graves was at a point variously estimated from 25 feet to 50 steps. He was fleeing and continued to flee while the officers pursued him. After running about half a mile he was apprehended, placed under arrest and taken back to the still. Upon reaching it, the declarations of which complaint is made took place. Quoting from the bill, one of the officers testified: "I asked him whose's still, and he said that it was Jim Moore's; that he was working for Jim Moore." Another said: " 'Ben, who are you working for?' He replied, 'Well, I am working for Jim Moore.' I said: 'This is Moore's outfit, ain't it?' and he said it was." As stated in the original opinion, the fact that this occurred twenty minutes after his arrest is deemed unimportant. The transaction was continuous. A part of the twenty minutes was consumed in the appellant's flight and apprehension, and the remainder in returning to the still. We think the analogous cases on the facts are Bronson v. State, 59 Tex. Cr. R. 17; Broz v. State, 93 Tex. Cr. R. 137; Boortz v. State, 95 Tex. Cr. 478; Stanton v. State, 94 Tex. Cr. R. 366.

The appellant testified in his own behalf and stated that he worked for Jim Moore; that he had been in Moore's employ for several years; that he took a couple of drinks of whisky after he got to the still; that he went over there to get a drink; that he had nothing to do with the operation of the still but was looking at it as he had never seen one like it before; that he fled because he was frightened; that he stayed there several hours and while there changed his shoes. He explained that the pair he had on hurt his feet and he put on a pair at the still which belonged to one of the other parties. There were other circumstances in evidence of an incriminating nature. The law of circumstantial evidence was embraced in the court's charge. Nothing inimical to a fair trial has been perceived.

The motion is overruled.

*Overruled.*