WALTER COLLINS GREEN V. STATE.

No. 26,622. November 18, 1953.

*Jack T. Niland,* and *James E. Irion,* both of El Paso, and *George G. Walker* [*of Counsel*], Van Horn, for appellant.

*William E. Clayton,* District Attorney, *Jack N. Fant,* First Assistant District Attorney, El Paso, and *Wesley Dice,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is murder; the punishment, death.

Bernard Pregler, aged seventeen, while under indictment for being an accessory to the offense of murder involved in this prosecution, testified as a witness for the state.

Pregler testified that, while AWOL from the Navy, he hitch-

hiked his way east through El Paso; that shortly before dusk he was picked up at the edge of the city of Van Horn by the appellant and one Slim; that the three of them continued east in a Ford sedan driven by appellant until they reached a roadside park, where they remained until sometime the next day.

Pregler stated that sometime after they arrived at the park the appellant had shown him a pistol which he was carrying and which the witness identified as being the weapon introduced in evidence, and that Slim and the appellant removed a radio and clock from the Ford.

Pregler testified that the cushions in the Ford were so arranged that he and appellant were able to sleep in the rear portion of the sedan, while Slim slept in the front; that the next morning, Sunday, the 15th of February, when he awoke the appellant was sitting up talking to Slim; that the appellant lay back down again for a while; that finally the three of them roused themselves, got out of the Ford and prepared to heat coffee. Pregler stated that at this juncture an elderly man drove into the roadside park in an Oldsmobile sedan and parked some distance from them; that appellant walked over to the Oldsmobile and shortly thereafter he heard two shots; that he looked toward the Oldsmobile and saw the elderly man lying on the ground and the appellant standing over him. Pregler testified that he started in the direction of the Oldsmobile; that he heard two more shots; that the appellant then turned and ran toward the Ford with the pistol in his hand; that Slim arrived at the body before he did, began kicking the old man in the head, and commanded him to do likewise in order to put the old man out of his misery. Pregler stated that the appellant returned with the Ford and that the three of them loaded the old man's body into the back; that the appellant drove the Ford; that he and Slim followed in the Oldsmobile until they reached a long, level pile of gravel on the side of the highway; that appellant drove over on the far side of the pile, removed all personal belongings from the body of the deceased, and the three of them buried the body in the gravel. Pregler testified that they continued on east in both automobiles for several miles to a point where the appellant abandoned the Ford and transferred the radio, clock, and several other articles over to the Oldsmobile, and the three of them drove away.

Pregler stated that he asked the appellant why he had killed the old man and that the appellant had answered that he needed

transportation and food; that as they drove along appellant exhibited a wallet bearing the identification "Fred Willard Eldridge, Middle Street, Williamston, Michigan" and a check book bearing the name of the "Peoples State Bank, Williamston, Michigan." Pregler testified that at appellant's instruction he had opened the glove compartment of the Oldsmobile and found a book of traveler's checks bearing the signature of "Fred W. Eldridge"; that they stopped at another roadside park, where appellant practiced writing the signature of Eldridge and that from that moment on the appellant masqueraded as Eldridge.

The witness recounted the details of their trip from Texas to Florida, including attendance at the Mardigras festivities in New Orleans and Mobile, during which time the appellant cashed traveler's checks and gave personal checks using the name of Eldridge, and this continued up until the time of their arrest.

Cone Walters, a traveling salesman from El Paso, testified that on Sunday, February 15, he and his wife had driven east of Van Horn and had eaten their lunch just beyond a roadside park; that upon leaving he had stopped at a fountain in the park (which was shown to be the same park identified by the witness Pregler) ; and while filling up his water bottles he had noticed a Ford sedan standing nearby; that he saw a man in the front seat cleaning a pistol; that this aroused his interest, and he continued to watch the automobile. Walters stated that the man in the front seat spoke to someone in the back seat, and the appellant rose up in the back seat and looked at the witness. Walters testified that some ten days later he had seen the appellant's picture in the newspaper and then reported the above to the sheriff at Van Horn.

Deputy Sheriff Mayo of Palm Beach County, Florida, who was also the owner of a filling station, testified that on February 20 the appellant, in payment for a towing charge, gave him a check in the sum of $5.00. The witness stated that the appellant exhibited to him identification cards and driver's license bearing the name of Fred Willard Eldridge and then gave him a check drawn on the Peoples State Bank of Williamston, Michigan, to which the appellant in his presence signed Eldridge's name.

It is sufficient to say that on the following day the witness Mayo became suspicious of the appellant and arrested him and Bernard Pregler, Slim having left them at Mobile. Shortly after

the arrest Pregler told the sheriff of the county the sordid story hereinbefore related; the sheriff called the sheriff of Culberson County; a search was instituted; and the body of Eldridge was found in the gravel pile.

The state proved by the appellant's brother that some time before the homicide appellant had resided with him; that when appellant left his home he noticed that his own pistol was missing. This witness identified the pistol introduced in evidence as being his weapon.

The state further proved by the witness Baer, the manager of a pawn shop in Jacksonville, Florida, that the appellant had on February 19 sold to him the pistol introduced into evidence, signed "W. C. Green" to the card evidencing such sale, and that he had later delivered this pistol to the investigating officers.

An autopsy was performed on the body of the deceased, after it was discovered and identified, and a bullet taken therefrom. This bullet or slug was delivered to the Texas Department of Public Safety, together with the pistol returned from Florida. Ballistic expert Taylor testified that as the result of his tests he concluded that the bullet or slug delivered to him had been fired from the pistol introduced in evidence.

The appellant did not testify in his own behalf and offered only one witness, the substance of whose testimony was to the effect that the witness Pregler was mistaken about the day of the week when he had passed through El Paso.

Appellant objected to the testimony of the sheriff of Culberson County on the ground that the rule had been invoked and the sheriff had not been excluded from the courtroom. Appellant relies upon the recent holding of this court in Wilson v. State, 158 Tex. Cr. Rep. 334, 255 S. W. 2d 520. In that case the trial court expressly certified that the presence of the officer in the courtroom was not necessary to the transaction of the court's business. The court's qualification of the bill in the instant case takes it completely out of the operation of the rule in the Wilson case. The qualification shows that the sheriff had only one active deputy who was occupied with the jury. It is important to note that the evidence in this case disclosed an attempt on the part of appellant to escape from the El Paso jail while awaiting trial in this cause. Under those circumstances, it would have been most unwise to have left him unguarded during the course of the trial.

We find the evidence sufficient to support the conviction, and perceiving no reversible error, the judgment of the trial court is affirmed.