Edward Alexander CAMPBELL, Appellant,

v.

The STATE of Texas, Appellee.

Thomas Wayne SMITH, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 49744, 49745.

Court of Criminal Appeals of Texas.

July 16, 1975.

Jim D. Lovett, Clarksville, for appellant.

Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is assault with intent to murder; the punishment as to each appellant, twenty years.

We are met at the outset with the appellants' contention that the evidence is insufficient to support the convictions in this admittedly circumstantial evidence case. A detailed discussion of the facts will be necessary.

The witness Glass, a resident of a rural area of Red River County, while on his way to church about 5 p. m. on December 1, passed a light or white colored automobile going in the opposite direction, which he thought to be "maybe a 1964 model Rambler," driving fast on a country road. He proceeded three-quarters of a mile, and there observed Peek (the injured party) lying in the bar ditch. An examination revealed that Peek had sustained injuries to the left side of his head. "A pretty good streak of blood going across the blacktop" of the road was observed by Glass. It was his opinion that no vehicle had crossed this "streak of blood" other than his automobile. A hatchet bearing signs of blood on it was found approximately 20 feet from Peek. Peek was unconscious and wore no shoes. The findings at the scene were corroborated by the investigating officers. The ambulance attendant testified that he took Peek to Clarksville and then to Parkland Hospital in Dallas.

Peek's wife testified that he left home at about 11 o'clock in the morning of December 1, on his way to a dog trade in Canton, and that he had been drinking. She said that he was traveling in a "white Rambler" automobile. She next saw her husband at 2

a. m. on December 2, in the intensive care unit of Parkland Hospital. She further related that he was severely injured and had been unable to carry on a conversation, use his right hand or do any work since that time.

Peek testified, with extreme difficulty and in answer to leading questions, that he left home on the day in question and that he picked up two hitchhikers, and when asked whether they were men or women, he pointed in the court room and answered, "Right there". When State's counsel asked, "these two men right over there?" Peek answered, "Yeah". He was, however, unable to state where he picked up the hitchhikers, where the three of them went or how he received his injury.

Officer Rice of the Mesquite Police Department testified that a few minutes past 1:00 a. m. on December 2 he stopped a white 1966 Rambler on an interstate loop near Dallas for speeding. He subsequently arrested appellant Campbell, the driver of the car, for driving while intoxicated, and he had appellant Smith drive the vehicle back to the Mesquite Police Headquarters. After running a license check, Rice determined that the license on the Rambler actually belonged to a Ford registered to a person bearing the same name as one of the appellants and that the Rambler should have had a license registered to one Paul Yates. He later released Campbell and Smith to the custody of the Red River County Sheriff's Department.

Sheriff M. E. McGuire of Red River County testified, in addition to his findings at the scene which were substantially the same as those testified to by the witness Glass, that when appellants were brought to the Red River County Jail Campbell had on a pair of tan cowboy boots. This was corroborated by the testimony of Deputy Sheriff J. D. Mitchell. These boots were identified by Mrs. Peek as belonging to her husband and as being worn by him when he left home on the day of the offense.

Mrs. Peek also identified the hatchet found at the scene as belonging to her husband and that he usually carried it in his automobile. She stated that her husband had purchased the automobile from a used car lot some two or three months prior to the day in question.

Appellant relies solely upon Culmore v. State, Tex.Cr.App., 447 S.W.2d 915, which was reversed because the evidence was not sufficient to show that Culmore exercised any control over the contraband found in the house where he was arrested.

We have concluded that the evidence is sufficient.

■ In his second ground of error appellant complains that the trial court abused its discretion and erred in permitting Deputy Sheriff J. D. Mitchell to testify for the State after he had heard much of the other evidence presented in the case.

The record indicates that at the start of the trial on the merits a list of witnesses to be called was read by the State. This list did not include the name of Mitchell. After the witnesses on the list were sworn, appellants invoked the rule. When Mitchell was called to testify, appellants objected on the grounds that the rule had been invoked, and since Mitchell had been in the court room for most of the presentation of the State's case, he should not be permitted to testify. The objection was overruled. The record reflects that Mitchell had the appellants in custody and that was his reason for being in the court room. In Green v. State, 159 Tex.Cr.R. 171, 262 S.W.2d 202, this Court said it was not an abuse of discretion to permit an officer to testify who had been in the court room guarding the accused.

Assuming, however, that there was a violation of the rule, this is not in itself automatically reversible error. Haas v. State, Tex.Cr.App., 498 S.W.2d 206. It is a matter within the trial court's discretion and a presumption exists that such discretion was properly exercised until appellant has

shown otherwise. Owens v. State, Tex.Cr. App., 503 S.W.2d 271; Marshburn v. State, Tex.Cr.App., 491 S.W.2d 663. In determining whether the trial court abused his discretion, we must look to whether or not appellants have in fact been injured by the allowing of the testimony by a witness who has violated the rule. We would observe that the witness in question had not been listed to be called nor placed under the rule. See Miller v. State, Tex.Cr.App., 455 S.W.2d 253.

In the brief, appellants argue that they were injured because the only testimony in the record which linked the appellants to the boots is the testimony of Deputy Sheriff J. D. Mitchell that appellant Campbell was wearing the boots when he was brought from Mesquite to Clarksville. However, the record indicates that Sheriff McGuire, a witness who had been sworn and placed under the rule at the start of the trial, testified to the same fact. No abuse of discretion has been shown by the trial court in allowing Mitchell to testify. Haas v. State, supra. The ground is overruled.

 In the third ground of error, appellants contend that the trial court erred in failing to declare a mistrial due to constant and prejudicial references to blood by the State. At the outset we observe that this ground of error is multifarious and not in compliance with Article 40.09, Vernon's Ann.C.C.P. However, even if we were to consider it in the interest of justice, physical facts and circumstances surrounding attempted homicide are admissible as tending to throw light on the transaction, and thus reveal its general nature. In the case at bar, it was relevant on the issue of intent to kill. Bell v. State, Tex.Cr.App., 442 S.W.2d

716; Guillory v. State, Tex.Cr.App., 400 S.W.2d 751; Hall v. State, 164 Tex.Cr.R. 573, 301 S.W.2d 161.

 In ground of error four, appellants contend that the trial court erred in not striking the in-court identification of the appellants by the injured party, because the State did not prove that the in-court identification was not contaminated by prior prejudicial acts in violation of appellants' rights. No objection was made at the time the complaining witness identified appellants; therefore, they have not properly preserved error. Compton v. State, Tex.Cr. App., 500 S.W.2d 131. Further, appellants point to no fact which would evidence any taint in Peek's identification of them. The ground is without merit. McCullough v. State, Tex.Cr.App., 461 S.W.2d 404.

In the final ground of error appellants complain that the trial court erred in instructing the jury that the range of punishment was not less than two nor more than twenty years.

 Appellants were originally indicted on December 19, 1973, but were not tried until the new Penal Code became effective. They elected to be punished under the provisions of the new Penal Code and are now objecting to the trial court's charging the jury at the punishment stage on a second degree felony rather than a third degree felony. No written objections to the charge appear in the record. Article 36.14, V.A.C. C.P. requires objections to the charge be in writing. Nothing is presented for review. Keith v. State, Tex.Cr.App., 499 S.W.2d 187.

The judgments are affirmed.

ROBERTS and ODOM, JJ., concur in the results.