**Kenneth Wayne SIMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–81–00739–CR.**

Court of Appeals of Texas, Dallas.

July 6, 1982.

Rehearing Denied Aug. 23, 1982.

Donald C. Adams, Dallas, for appellant.

Henry Wade, Dist. Atty., R. K. Weaver, Asst. Dist. Atty., for appellee.

Before STOREY, STEPHENS and FISH, JJ.

STOREY, Justice.

In his appeal from a conviction for murder, appellant's principal complaint is directed to the prosecutor's explanation of the law and the court's instruction on his right to testify or remain silent. Additionally, he complains of the admission of certain photographic evidence, of the omission of a defensive issue from the charge and of prejudicial comments by witnesses and the prosecutor. We affirm.

Appellant recognizes the general rule that during examination of the jury panel the State may explain the law relating to the right of an accused to testify or remain silent. *Campos v. State,* 589 S.W.2d 424 (Tex.Cr.App.1979). Here, however, appellant filed a motion in limine advising the State that he would not testify and seeking to suppress any comment on his failure. He urges that, under this circumstance, a comment on failure to testify is error. Appellant apparently relies on language contained in *McCary v. State,* 477 S.W.2d 624 (Tex.Cr.App.1972) to support his contention. Although the court in *McCary* points out that the trial court was not on notice that the accused would not testify, and that no motion in limine had been filed, its holding was not conditioned on these circumstances. Rather, its holding which approved the State's voir dire comments on failure to testify was based on the State's duty to qualify the jurors and to exercise its challenges. This rationale is employed to support the court's later holding in *Campos v. State, supra,* where it stated, "such a statement [on defendant's right to testify or remain silent] does not constitute error in voir dire and cannot be taken at that time as a comment on a subsequent failure of appellant to testify," *citing McCary v. State, supra.*

■ Similarly, we cannot agree that the court's charge which instructed on the right to testify or remain silent was error merely because the motion in limine had been filed and appellant had not testified.

This instruction is one of the admonitory charges recognized as discretionary with the trial court to guard against jury misconduct. *Williams v. State,* 511 S.W.2d 64 (Tex.Cr.App.1974). The Texas Court of Criminal Appeals continues to adhere to this holding despite its observation in earlier opinions that trial courts should, as a practical matter, omit the instruction when objection is made to it. *See Smith v. State,* 455 S.W.2d 748, 754–55 (Tex.Cr.App.1970). Accordingly, we overrule appellant's grounds of error one and two.

■ Appellant next complains that the admission into evidence of a picture of the deceased, taken during his lifetime, was error. Appellant urges first that a proper predicate was not laid for introduction of the picture, and second that the only purpose to be served by its admission was to prejudice the jury. We disagree. A witness identified the two persons portrayed in the photograph as her brother—the deceased—and a friend, taken about one month before the brother's death. We conclude that this testimony satisfies the two-pronged test for introduction of photographic evidence: that the witness is familiar with the object, and that the picture is a fair and accurate representation of the object. Furthermore, the picture was merely cumulative of the witness' earlier testimony, namely, that on the date of the offense the deceased was alive and well. We conclude that no harm is shown and, consequently, that no abuse of discretion has been demonstrated. We therefore overrule grounds of error three and four.

■ Nor do we perceive error in the trial court's refusal to charge on a defensive theory of accident. Accident is not now a defense. *See* Tex.Penal Code §§ 2.03, 2.04, 6.02 (Vernon 1974); *Williams v. State,* 630 S.W.2d 640, 644 (Tex.Cr.App.1982) (en banc). Even so, the evidence relied upon by appellant is not sufficient to raise the issue. Appellant points to the testimony of one witness who testified that, "I was there until after the accident happened" as raising the issue of accident. The record reveals that the same witness testified in

**608**

detail how she observed appellant shoot the deceased twice from about four feet, then bend over the fallen body and fire four more rounds at point blank range. The witness' testimony regarding accident is merely her characterization of the occurrence and relates no facts which would tend to support a defense of accident. *See Simpkins v. State,* 590 S.W.2d 129 (Tex.Cr.App. 1979); *Roberts v. State,* 590 S.W.2d 498 (Tex.Cr.App.1979). We therefore overrule ground of error five.

■ The same witness in identifying appellant referred to him as "the murderer." The reference was not solicited by the prosecutor's question to the witness and, considered in its context, we do not understand the witness' statement as an expression of opinion of guilt. Indeed, appellant's objection was "to the characterization." We conclude that the witness' reference to appellant does not rise to the level of opinion of guilt condemned in *Boyde v. State,* 513 S.W.2d 588 (Tex.Cr.App.1974). Consequently, the instruction by the court was sufficient to cure the error. We overrule appellant's sixth ground of error.

■ Similarly, the answer by another witness that he had known appellant "... from other officers, probably around six months," was not solicited by or responsive to the question asked of him. The line of questions in context inquired as to how the witness knew where appellant resided rather than whether he knew appellant's reputation. We conclude that under the circumstances the court's instruction to disregard was sufficient to cure any error created by the unresponsive answer. We therefore overrule appellant's ground seven. *See Melton v. State,* 508 S.W.2d 104 (Tex.Cr. App.1974).

■ Appellant next complains that the prosecutor's jury argument misstated the law as it relates to voluntary manslaughter. We note at the outset that the argument did not misstate the law except as it failed to include a discussion of reasonable doubt, presumption of innocence, and burden of proof. These elements were discussed,

however, in other parts of the prosecutor's argument and as well in appellant's argument and the court's charge. No objection was made to the State's argument and under these circumstances we cannot agree that the argument was manifestly improper. *See Vigneault v. State,* 600 S.W.2d 318, 329 (Tex.Cr.App.1980) (en banc). We therefore overrule appellant's point eight.

■ Finally, appellant complains that he was prejudiced by a question asked of a witness on re-direct examination. The witness to the shooting was asked whether she was in fear for the safety of her children. We agree that the question was clearly irrelevant. The trial court, recognizing the irrelevance, promptly sustained the objection, instructed the witness not to answer, and instructed the jury to disregard. We conclude that the trial court's actions cured the error, and, therefore, overrule appellant's ground nine. *See Brem v. State,* 571 S.W.2d 314, 322 (Tex.Cr.App.1978).

Accordingly, we affirm.