Charles Ray **WOODARD**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 05-84-00504-CR.

Court of Appeals of Texas, Dallas.

July 10, 1985.

Rehearing Denied July 30, 1985.

E. Brice Cunningham, Dallas, for appellant.

Elizabeth L. Phifer, Asst. Dist. Atty., Dallas, for appellee.

Before SPARLING, WHITHAM and DEVANY, JJ.

DEVANY, Justice.

The jury found Charles Ray Woodard guilty of inflicting serious bodily injury on a two and one-half year-old child by immersing her in scalding water and assessed punishment at thirty-three years imprisonment. Appellant contends that the trial court erroneously allowed the child's mother to testify concerning an extraneous offense and permitted improper jury argument. He also challenges the admissibility of hearsay testimony and photographs of the child taken before and after this incident. Finally, he claims that the evidence is not sufficient to support the conviction. Finding all contentions without merit, we affirm appellant's conviction.

In his first three grounds of error, appellant complains that photographs depicting the child's injuries should have been excluded because witnesses testified to the same information contained in the photos. He argues that, in view of this testimony, the pictures added nothing to the State's case and were offered solely to prejudice the jury against him. We cannot agree. The State was required to prove beyond a reasonable doubt that appellant intentionally or knowingly injured the child. Tex.Penal Code Ann. § 22.04(b) (Vernon Supp. 1985). The incident occurred while appellant was alone with the child. Appellant

claimed that the child climbed into the bathtub while he was out of the room. He testified that he was preparing to bathe the child when he left the child alone in the bathroom to carry out the garbage, and that he found the child in the bathtub when he returned. He explained that he must have accidentally turned on only the hot water faucet before leaving the child alone in the bathroom. To rebut appellant's claim that the child was scaled accidentally, the State introduced both testimonial and photographic evidence that the location and extent of the child's injuries could not have been inflicted accidentally. Although witnesses testified that the burns were inconsistent with appellant's version of the incident, "the photographic representation of the injuries tend to establish this ... in a way testimony ... could not as accurately portray." *Lanham v. State*, 474 S.W.2d 197, 199 (Tex.Crim.App.1971). These pictures graphically illustrate the sharp demarcation of the burned areas from those unburned. They demonstrate that the child's arms, hands, head, neck and trunk of her body above the level of her nipples were unharmed while, below that line, she suffered third degree burns over her entire body except for those areas that were unexposed to the water when the child was in a sitting position. Expert witnesses testified that the location of the burns and the sharp demarcation between burned and unburned areas indicated that the child was restrained while immersed in the water. Consequently, the photographs were appropriate circumstantial evidence that the child was burned intentionally rather than accidentally. *See Terry v. State*, 491 S.W.2d 161, 163 (Tex.Crim.App.1973) (photographs of the victim admissible to rebut the claim of accident).

■ Further, the pictures were not so gruesome that their prejudicial effect outweighed their tendency to establish the fact of the injury and that they were inflicted with a culpable mental state. The photos were taken in clinical surroundings and emphasize nothing other than the nature, location and severity of the child's injuries. *See Bailey v. State*, 532 S.W.2d 316, 321–22, 323 (Tex.Crim.App.1975). Because the testimony concerning the child's appearance was admissible to illuminate the general nature of the incident, *see Campbell v. State*, 525 S.W.2d 4, 7 (Tex.Crim.App.1975), a photograph of her appearance was also admissible. *See Luck v. State*, 588 S.W.2d 371, 374 (Tex.Crim.App.1979). Accordingly, appellant's first three grounds of error are overruled.

■ Appellant next insists that two photos of the child's appearance before she was burned were inadmissible because the State did not establish the proper predicate and because they were inflammatory and prejudicial. Appellant cites no authority supporting his argument that the predicate was improper; therefore, it presents nothing for review. *McWherter v. State*, 607 S.W.2d 531, 536 (Tex.Crim.App.1980); Tex. Code Crim.Proc.Ann. art. 40.09(9) (Vernon Supp.1985). We also find appellant's argument that the pictures were inflammatory and prejudicial without merit. They merely establish that the child was alive and well before this incident. Consequently, these photos were admissible to establish that the burns were not caused by some previous misfortune. *See Sims v. State*, 638 S.W.2d 605, 607 (Tex.App.—Dallas 1982, no pet.). Appellant's fourth ground is overruled.

■ Appellant next claims that the prosecutor improperly argued his case to the jury. Two of the three grounds of error attacking the jury argument complain of more than one incident; therefore, they present nothing for review because they are multifarious.[1] *Euziere v. State*, 648

1. In these grounds of error, appellant complains of eight incidents during the prosecutor's argument. In three of these instances, he failed to obtain a ruling, and in three others he received all of the relief he requested. Even if these were properly presented in separate grounds of error, they would present nothing for review because appellant failed to preserve the error, if any. *Loar v. State*, 627 S.W.2d 399, 400 (Tex. Crim.App.1981) (nothing preserved when trial court grants all relief requested); *Mayberry v. State*, 532 S.W.2d 80, 84 (Tex.Crim.App.1976)

S.W.2d 700, 703 (Tex.Crim.App.1983); Tex. Code Crim.Proc.Ann. art. 40.09(9) (Vernon Supp.1985). In his seventh ground of error, appellant argues that the trial court should have granted his request for mistrial after sustaining his objection to and instructing the jury to disregard the prosecutor's argument that the child's mother gave appellant "a second chance and you see what it got her." Apparently, appellant is contending that this statement referred to the mother's testimony that she noticed that the child had previously suffered burns that appellant claimed were accidental.[2] If so, the comment was a reasonable deduction from the facts in evidence and therefore not improper. *Denison v. State*, 651 S.W.2d 754, 762 (Tex. Crim.App.1983). However, even if the argument were improper, the trial court's instruction to disregard the comment was sufficient to cure any error. *Hodge v. State*, 631 S.W.2d 754, 756 (Tex.Crim.App. 1982). Accordingly, we overrule grounds of error five through seven.

■ A social worker who interviewed the child soon after her arrival at the hospital testified that the child, in response to questioning, told her that appellant burned her with hot water in the bathtub. Appellant contends this testimony was inadmissible hearsay. The State argues that the child's statements to the social worker were admissible under the spontaneous exclamation exception to the hearsay rule. Hearsay is admissible under this exception if the statement concerned a startling or exciting event, was made while the declarant was influenced by the event, and was made under circumstances that preclude falsification. *Martinez v. State*, 533 S.W.2d 20, 23 (Tex.Crim.App.1976). "[I]t is a well recognized exception ... that statements made while in the grip of violent

emotion, excitement or pain which relate to the exciting event are admissible...." *King v. State*, 631 S.W.2d 486, 491 (Tex. Crim.App.1982).

■ The social worker testified that the child was restless, crying and fighting the intravenous medication during the interview. In light of the child's statements, their proximity to the time of injury, the severity of her injuries and the child's behavior, the State has sufficiently shown that her statements were made under the influence of the exciting event. Nevertheless, appellant argues that, because these statements were elicited through questioning, they were not "spontaneous." However, merely because the statements are answers to questions does not necessarily render them *not* spontaneous. *Graves v. State*, 115 Tex.Cr.R. 85, 29 S.W.2d 379 (1930). Rather, it is only a fact that is weighed in determining whether the statement was spontaneous. 1A C. McCormick & R. Ray, *Texas Law of Evidence Civil and Criminal* 914 (Texas Practice 3d ed. 1980). The social worker's questions were not leading or suggestive. The child was only two and one-half years old, frightened and in pain. Because of the improbability that the child's answers were falsified, we hold that, merely because these statements were made in response to questioning, the trial court was not required to exclude them. Appellant's eighth ground of error is overruled.

■ Appellant next claims that the medical examiner's testimony concerning the child's cause of death and other facts was inadmissible hearsay because it was based on an autopsy report prepared by the medical examiner's assistant. In these two grounds of error, appellant directs us to a motion in limine, which the trial court de-

---

(nothing preserved absent an adverse ruling). The only complaint that remained unaddressed because the grounds were multifarious was the prosecutor's comment that the child did not think to put her hand down in the water as she was shown to have done at the hospital. Even if the ground were not multifarious, appellant's complaint that the argument was outside the record is without merit because there was am-

ple evidence that the child's hand did not come in contact with the hot water in the bathtub. *See Alejandro v. State*, 493 S.W.2d 230, 231–32 (Tex.Crim.App.1973).

**2.** See discussion of ground of error eleven, *infra*.

nied in part, and his objection at trial. However, a motion in limine does not preserve error. *Basham v. State*, 608 S.W.2d 677, 679 (Tex.Crim.App.1980); *Romo v. State*, 577 S.W.2d 251, 252 (Tex.Crim.App. 1979). Also, the trial judge did not rule when appellant re-urged his objections during a hearing outside the jury's presence; therefore, in the absence of an adverse ruling to a timely objection, nothing is presented for review. *See Dunavin v. State*, 611 S.W.2d 91, 94 (Tex.Crim.App. 1981).

■ Nevertheless, because appellant challenges the sufficiency of the evidence, we must determine whether the medical examiner's testimony was admissible under an exception to the hearsay rule. If it was admissible, it may be considered when reviewing the record to determine whether the evidence was sufficient to support the conviction because evidence admissible under a hearsay exception has probative value.[3] *Crocker v. State*, 573 S.W.2d 190, 203 (Tex.Crim.App.1978).

Appellant first contends that the business records exception contained in Tex. Rev.Civ.Stat.Ann. art. 3737e (Vernon Supp. 1985) does not apply when the medical examiner testifies from an autopsy report prepared by another pathologist. At the outset, we note that it is impossible to ascertain in the record when the medical examiner's testimony was based on his observations when present while the other doctor performed the autopsy and when he testified solely on the basis of the report. However, assuming that he testified solely from the autopsy report, we find no merit

in appellant's contention. The Court of Criminal Appeals has repeatedly held that article 3737e allows one doctor to testify from an autopsy report prepared by another doctor. *E.g., Mahaffey v. State*, 471 S.W.2d 801, 804 (Tex.Crim.App.1971); *Burrell v. State*, 446 S.W.2d 323, 324 (Tex. Crim.App.1969); *cf., Batiste v. State*, 462 S.W.2d 30, 31 (Tex.Crim.App.1971) (allowing one doctor to testify from hospital records prepared by another doctor).

Appellant next argues that, even under the business record hearsay exception of article 3737e, the medical examiner's testimony was inadmissible because the State failed to show that the pathologist who prepared the autopsy was unavailable to testify. Indeed, the medical examiner testified that the pathologist would have testified if he had been subpoenaed. Nevertheless, we hold that the pathologist's availability was immaterial since the State established the predicates for admitting the medical examiner's testimony under article 3737e.

■ Appellant's argument ignores the express language of that statute as well as its history. Article 3737e was based on the Uniform Business Records as Evidence Act. *See Table of States Wherein Act Has Been Adopted*, 11 Tex.Rev.Civ.Stat.Ann. 138 (Vernon Supp.1985); *compare* Tex. Rev.Civ.Stat.Ann. art. 3737e *with* Unif. Business Records as Evidence Act. 9A U.L.A. 506 (1936). Both provide that the identity of the record and its mode of preparation may be proved by the custodian,

---

**3.** We recognize that many observers contend that the Texas Rules of Evidence adopted by the Supreme Court for civil proceedings are applicable in criminal proceedings pursuant to the language of Tex.Code Crim.Proc.Ann. art. 38.02 (Vernon 1979). *See* Weir & Bernard, *The Application of the New Rules of Evidence to Criminal Proceedings*, 48 Tex.B.J. 518 (1985). Under Tex. R.Evid. 802, hearsay evidence admitted without an objection has probative value and, thus, may support a jury's verdict when challenged as unsupported by legally or factually sufficient evidence. In the present case, we need not decide whether Rule 802 applies in criminal cases. Even under the evidentiary rules presently ap-

plied in criminal actions, the medical examiner's testimony is entitled to be weighed in deciding the appellant's challenge to the sufficiency of the evidence because it was admissible under a currently recognized exception to the prohibition against admitting hearsay evidence. Therefore, our decision here is no intimation of whether Rule 802 would apply in a criminal case where the appellant claimed the evidence was insufficient and the only evidence supporting the jury's verdict was hearsay testimony admitted without objection which was not otherwise admissible under some currently recognized exception to the hearsay rule applicable in criminal cases.

entrant[4] or other qualified witness, Tex. Rev.Civ.Stat.Ann. art. 3737e, § 2 (Vernon Supp.1985); Unif. Business Records as Evidence Act, § 2, 9A U.L.A. 506 (1936), and both were intended to relieve the proponent of the business record of the burden of calling every person who participated in making the record. *Trujillo v. State,* 166 Tex.Cr.R. 405, 313 S.W.2d 871, 874 (1958); Fed.R.Evid. 803 advisory committee's note. At common-law, business records were admissible under the shop book exception to the hearsay rule only if the person who made the record was unavailable. *See, e.g., Consolidated Kansas City Smelting & Refining Co. v. Gonzales,* 50 Tex.Civ.App. 79, 109 S.W. 946, 948 (1908, writ ref'd). Like the uniform act on which it was based, article 3737e expressly eliminated the common law's "unavailability" requirement. *See Coulter v. State,* 494 S.W.2d 876, 881 n. 4 (Tex.Crim.App.1973); 5 J. Wigmore, *Evidence* § 1521 (Chadbourn rev. 1974); *see also* Fed.R.Evid. 803 advisory committee's note. Therefore, the medical examiner's testimony was not inadmissible because the pathologist who ascertained the facts contained in the autopsy report was available to testify. Nor do we find merit in appellant's contention that the pathologist's absence impermissibly deprived him of the right to cross-examination. Under similar facts, the Court of Criminal Appeals rejected the same argument. *Mahaffey,* 471 S.W.2d at 804. Accordingly, we overrule appellant's ninth and tenth grounds.

Another physician testified without objection that the child had suffered other burns ten days before those caused by contact with the scalding water. Later, the child's mother testified that she questioned appellant about these marks. She indicated that appellant initially told her he did not know how the marks had gotten on the child but later explained that they were caused when the child fell on some incense he had been burning. Appellant argues that the mother's testimony implied that he committed an extraneous offense. The

State responds that appellant waived his right to complain of the mother's testimony when he failed to object to the physician's testimony concerning these scars.

■ We agree with the State that appellant's failure to object waived his right to complain when the *same* facts are the subject of later testimony. *See Brasfield v. State,* 600 S.W.2d 288, 296 (Tex.Crim. App.1980). Therefore, any error in allowing the mother to testify that the scars existed or that they were caused by burns was waived because appellant did not object when the physician testified to that fact. However, we cannot agree that this ends our inquiry. The mother's testimony concerning the cause of the older burns was not part of the physician's testimony. To the extent that the mother's statements concerned appellant's explanation for these scars, appellant did not waive his right to complain by failing to object to the physician's testimony.

■ Nevertheless, given the admissibility of the fact that the child had previously suffered burns, the mother's statement concerning what the appellant told her did not evidence an extraneous offense. Instead the mother's testimony merely placed appellant's explanation of how those burns were inflicted before the jury. Even if this testimony did, as appellant argues, imply that he committed an extraneous offense, it was admissible to rebut appellant's claim that the bathtub incident was an accident. *Albrecht v. State,* 486 S.W.2d 97, 101 (Tex. Crim.App.1972).

■ However, appellant also argues that this evidence was inadmissible because the State did not prove that he committed the offense. We disagree. If this was evidence of an extraneous offense, the State sufficiently connected appellant with the incident. The fact that appellant could explain how the burns were inflicted was sufficient to indicate that he was present when the incident occurred. Further, there

---

4. Only article 3737e expressly provides for proving these matters by the entrant's testimony. Tex.Rev.Civ.Stat.Ann. art. 3737e, § 2 (Vernon Supp.1985).

is some evidence that appellant was in charge of the child at that time. Appellant's eleventh ground of ground is overruled.

In his final ground of error, appellant contends that the evidence is insufficient because the State did not exclude the reasonable hypothesis that the child climbed in the bathtub on her own. Even though the State's version of the incident conflicts with appellant's claim that it was an accident, we may not substitute our evaluation of the evidence for the jury's if the evidence is legally sufficient to find appellant guilty. Only the jury may decide what evidence to believe or disbelieve. *Hudson v. State*, 675 S.W.2d 320, 322 (Tex. App.—Dallas 1984, pet. ref'd.). Consequently, we review the record only to determine whether sufficient evidence supports the jury's finding that appellant forced the child into the water. The evidence is sufficient if, when viewed in the light most favorable to the prosecution, any rational trier of fact could have found that appellant caused the child's injuries. *See Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *Jackson v. State*, 672 S.W.2d 155, 159 (Tex. Crim.App.1984). When the evidence is viewed in this manner, it is sufficient in a circumstantial evidence case only if it excludes all reasonable hypotheses other than the guilt of the accused. *See Denby v. State*, 654 S.W.2d 457, 463–64 (Tex.Crim. App.1983).

The medical examiner and several physicians testified that the child's burns were caused by being immersed in scalding water while being restrained. They stated that if the child had climbed or fallen into the water, there would have been evidence of splash burns and a gradual gradation in the severity of burns between the areas in which the child was unharmed and those in which she was most severely burned. The witnesses explained that if the child had fallen in the water, she would have struggled to get out, if free to do so, leaving a burn pattern different from that on the child in this case. This, coupled with the child's statements that appellant burned her and the fact that appellant was alone with the child at the time of the incident is sufficient to exclude any reasonable hypothesis that the child was injured accidentally. We overrule appellant's twelfth ground of error and affirm his conviction.