TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-98-00337-CR







Delbert Coffee, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 0974529, HONORABLE JON N. WISSER, JUDGE PRESIDING







 A jury found appellant Delbert Coffee guilty of the first degree felony offense of
burglary of a habitation. See Tex. Penal Code Ann. § 30.02(a)(1), (d)(1)(2) (West 1994 & Supp.
1999). The jury also found that appellant used, or as a party knew, a deadly weapon would be
used in the commission of the offense. The trial court assessed appellant's punishment, enhanced
by three prior felony convictions, at imprisonment for thirty years. In seven points of error,
appellant complains that he was deprived of his federal and state constitutional rights, because the
trial court erroneously admitted inadmissible evidence identifying him as the person who allegedly
committed the offense.

 At about mid-day, three men looking for Robert Villareal knocked on Villareal's
apartment door. Villareal told the men to come in, but when they entered, he did not recognize
them. The men did not recognize Villareal either and left stating that it was the wrong apartment. 
Martin and Linda Maldonado, who lived in the apartment complex, were cleaning the courtyard
and watching their children at play. The Maldonados saw the three men leave Villareal's
apartment and get in a car and drive away. A few minutes later one of the men, later identified
as appellant, came back and asked Martin Maldonado if he was from Thurman Heights and
whether he knew Tony Jones, the appellant's brother. After Maldonado replied that he had lived
in Thurman Heights and that he knew appellant's brother, appellant asked if a man named Robert
lived in apartment nine. Maldonado told appellant that a man named Robert and his family had
lived in apartment nine but that they had moved to apartment eight. Maldonado then went into
his apartment and called Robert Villareal to tell him that one of the men had returned and inquired
about him. Soon, the Maldonados saw the three men return to Villareal's apartment. One of the
men had a handgun partly covered with a blue towel.

 The three men pushed their way into Villareal's apartment. One of the men pointed
a handgun at Villareal, and the other two men began beating him. Villareal's wife yelled and
pleaded with the men not to shoot her husband. Villareal escaped from his apartment and ran to
Maldonado's apartment. By this time, the Maldonados were calling the police. The three men
left in their car.

 Robert Scott, who was in the neighborhood getting a part to repair his lawn mower,
heard a woman shouting and screaming. He saw "three guys running towards a car. . . . There
was a white guy and two black guys, and it was the white guy driving." Scott followed the car
in which the men were escaping. Scott called 911 on his cellular phone and gave the police the
license plate number of the car he was following. The police asked Scott to continue following
the car. Scott never lost sight of the car until the police overtook and stopped the car. When the
police stopped the car, two black men ran from the car. The police caught appellant, but the other
man escaped. Within forty-five minutes after the men had fled from the apartment complex, the
officers returned appellant to the scene where he was identified by Villareal and the Maldonados.

 Appellant asserts that the in-court identification of him by the witnesses, Martin
and Linda Maldonado, was inadmissible because his identification "was the product of an illegal
pretrial confrontation rather than of independent origin" and because it was tainted by a "pretrial
confrontation [that] was impermissibly suggestive." Appellant also claims that evidence of his
pretrial identification by Villareal and the Maldonados was based on an impermissibly suggestive
show-up. In his brief, appellant has failed to point out where in the record he preserved for
appellate review the errors he now claims on appeal.


In general, TEX.R.CRIM.EVID. 103(a)(1) and Tex.R.App.Proc. 52 [now rule
33.1(a)] govern preservation of error concerning the admission of evidence in
criminal cases. Combined, these rules state that if, on appeal, a defendant claims
the trial judge erred in admitting evidence offered by the State, this error must
have been preserved by a proper objection and a ruling on that objection. The
objection must be timely; that is, the defense must have objected to the evidence,
if possible, before it was actually admitted. If this was not possible, the defense
must have objected as soon as the objectionable nature of the evidence became
apparent and must have moved to strike the evidence, that is, to have it removed
from the body of evidence the jury is allowed to consider. The defense must have
stated specifically the basis for the objection unless the particular ground was
apparent from the context. The trial judge must have overruled the objection. If
the judge refuses to rule on the objection, an objection to this refusal to rule is
sufficient to preserve error in the admission of the evidence. When the court, out
of the jury's presence, hears and overrules objections to evidence, those objections
need not again be made before the jury when the evidence actually is presented to
the jury. Error cannot be predicated upon a trial judge's ruling that admits or
excludes evidence unless "a substantial right of the party is affected." Rule
103(a)(1) and Rule 33.1(a), supra.

Ethington v. State, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991); see also Perry v. State, 703
S.W.2d 668, 670-71 (Tex. Crim. App. 1986); Campbell v. State, 525 S.W.2d 4, 7 (Tex. Crim.
App. 1975); Degarmo v. State, 922 S.W.2d 256, 268 (Tex. App.--Houston [14th Dist.] 1996, pet.
ref'd).

 Appellant made no objections in the trial court to preserve for appellate review the
issue he now complains of on appeal; he made no objection until after he was identified by the
Maldonados and after Villareal testified he had identified appellant when he was returned to the
apartment complex by the police. Because the errors claimed were not preserved for appellate
review, appellant's points of error are overruled.

 The judgment is affirmed.



 

 Carl E. F. Dally, Justice

Before Justices B. A. Smith, Yeakel and Dally*

Affirmed

Filed: October 21, 1999

Do Not Publish




* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).



two black guys, and it was the white guy driving." Scott followed the car
in which the men were escaping. Scott called 911 on his cellular phone and gave the police the
license plate number of the car he was following. The police asked Scott to continue following
the car. Scott never lost sight of the car until the police overtook and stopped the car. When the
police stopped the car, two black men ran from the car. The police caught appellant, but the other
man escaped. Within forty-five minutes after the men had fled from the apartment complex, the
officers returned appellant to the scene where he was identified by Villareal and the Maldonados.

 Appell